The opinion of the court was .delivered by
Brewer, J.:
This is an original proceeding in this court to compel the signing.by the defendant, the judge of the 5th-district, of a bill of exceptions. The return of the judge alleges that the bill of exceptions tendered for his signature was not true, that he suggested the necessary corrections, and offered to make them, and sign the bill. And the question, as now presented, is, whether this court will hear testimony as to the truth or falsity of the bill of exceptions tendered, or take the return of the judge as conclusive upon the question. Can a litigant in a district court tender a bill of exceptions to the judge, and when he refuses to sign it because he finds it to be untrue, sue out a writ of mandamus here, and have this court decide as to its truth? Can this court settle bills of exceptions in cases, tried in the lower courts? We think not. It is the duty of the trial-judge to'settle and sign bills of exceptions, a duty we can compel him to perform, but not one that we can perform for him. We can command him to act, but cannot say how he shall act. His decision as to the truthfulness of a bill, is conclusive and final. The judge, who heard the testimony, and knows upon what his rulings were based, will be far more apt to arrive at the truth in a bill of exceptions, than a tribunal whose only knowledge is derived from the uncertain and ofttimes conflicting recollections of witnesses. As is well said by counsel for defendant in his brief: “The idea of determining what rulings were made in any given case tried before a judge, as a court, or what evidence was introduced on such trial before such court, by forming issues thereon to be tried by a jury, would, to say the least, be as unseemly in practice as it would be unsatisfactory in results. ‘It would result in making juries who *618 were not present at the trials settle bills of exceptions frequently upon prejudiced and conflicting testimony, against the judge who presided at the trials, elected by the people for that purpose on account of his supposed ability and integrity, and on whom for that very reason the law devolves the duty of settling bills of exceptions.’ (State v. Noggle, 13 Wis., 380.)” See also the following authorities; The State, ex rel., v. Sheldon, 2 Kas., 322; State of Ohio v. Todd, 4 Ohio, 351; Creager v. Meeker, 22 Ohio St., 207; Ex parte Bradstreet, 4 Peters, 102; People v. Pearson, 3 Ill., (2 Scam.) 205; People v. Jameson, 40 Ill., 93; People, ex rel. Orr, v. Judge of Wayne C. Ct., 23 Mich., 536; People, ex rel. Werckmeister, v. Justices Superior Ct., 20 Wend., 663; Jamison v. Reid, 2 G. Greene, (Iowa) 394.
Judgment will be entered in favor of the defendant for costs.
All the Justices concurring.