# THE MASSACHUSETTS MUTUAL LIFE INSURANCE CO.

## *v.*

## WALTER B. KELLOGG.

1. AMENDMENT—*when notice is required.* Where an amendment of the record or officer's return to process is sought at the return term or before the cause is disposed of, no notice thereof is required, but after the case has been finally disposed of, and the term ended, special notice is necessary.

2. PLEADING—*allegation of promise to pay.* In a declaration in assumpsit, where the instrument sued on does not contain an unconditional promise to pay money, the pleader, after stating the conditional undertaking, and. the happening of the condition, should state that the defendant thereby became liable to pay, and thereupon undertook and promised, etc. But the want of such allegation can be reached only on special demurrer. It is sufficient, except on special demurrer, to state distinctly that which, if proved, will sustain the action.

3. SAME—*declaration on insurance policy.* A declaration upon a policy of insurance which shows the making of the policy, the conditions of the contract, the performance of the conditions, and the happening of the contingency upon which the defendant became liable, and his failure to pay, is good in substance, and entitles the plaintiff to recover on default.

4. SAME—*on life policy of insurance.* The interest of a party insuring, in his own life, need not be averred in a declaration upon the policy, and when the policy is set out in the declaration, and it shows the interest of the plaintiff, this is sufficient.

5. SAME—*variance—surplusage.* Where a declaration sets out a policy of insurance or contract *in hæc verba*, and then states its legal effect incorrectly, the latter will be treated as surplusage, and there will be no variance.

6. DEFAULT—*what admitted by.* A default admits every traversable allegation in the plaintiff's declaration, and every ground upon which a recovery is sought, and where the suit is upon an instrument for a definite sum of money, no evidence is necessary upon the assessment of damages.

1876.]        Mass. Mut. Life Ins. Co. *v.* Kellogg.        615

Opinion of the Court.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. S. K. Dow, and Mr. Frank J. Smith, for the appellant.

Messrs. Norton, Hubbard & Hatch, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This is an action of assumpsit, by Walter B. Kellogg, upon a life insurance policy issued to Henry H. Kellogg on July 27, 1868, insuring the life of Henry for the term of 23 years, (beginning at noon of the day of the date of the policy,) in the amount of $1000, payable 90 days after proof and notice that he had attained the age of 45 years, or died prior to attaining that age; the sum insured in the latter contingency being for the benefit of Walter, the father of the assured. The policy is set out *in hæc verba* in the bill of exceptions.

The declaration was filed April 23d, 1875. To it was attached what purported to be a copy of the policy. The declaration alleges the making by appellant of their policy of insurance, a copy of which is hereto attached. The declaration then proceeds to set out the supposed legal effect of the policy, proceeding with the words "whereby the defendant, in consideration," etc., and there seems a variance, in some respects, between the supposed legal effect thus attributed to the instrument, and the true legal effect of the same. Then follow, in the declaration, allegations that the annual premiums mentioned in the policy were regularly paid, and duly, and that Henry died on October 13, 1874, and before he had attained the age of 45 years, and that of all this defendant had proof and notice before the suit was begun; that Henry, in life, fully complied with the terms of the policy on his part, and that, at his death, there was no sum due on the policy for unpaid premiums, yet defendant has not, though often requested, paid to plaintiff any part of the sum of $1000, etc.

Service of summons was had April 20th, 1875, upon Mortimer A. Frisbee and Nicholas B. Rappleye, agents of this cor-

poration, the president not being found in the county, but the sheriff, in making return, said the process was served on " *Frisbee and Rappleye*, agents," etc.

Judgment by default was entered at the return term. After the default was entered, the sheriff, by leave of the court, amended the return by inserting, instead of the words " Frisbee and Rappleye," the words " Mortimer A. Frisbee and Nicholas B. Rappleye."

After this, and before the assessment of damages, the defendant, by attorney, appeared and moved to set aside the default. The motion was overruled, and, on the assessment of damages, the policy of insurance, only, was given in evidence, and to this defendant objected, and excepted to the ruling of the court in receiving the same in evidence. The court assessed the damages at $1009. Defendant then moved in arrest of judgment. This motion was overruled and final judgment entered for damages and costs, and defendant appealed to this court.

Appellant contends it was error to permit an amendment of the sheriff's return without notice. The defendant had notice by the service of summons. The amendment was at the return term, and the whole proceedings were *in fieri* until the last day of that term. After an action has been disposed of, and the term has ended, special notice is necessary on a motion to amend the record in any respect, because the parties depart without day; but so long as an action is pending and undisposed of, the parties are presumed to be in court, and no special notice is, by law, required for the making of any proper order in the case, or for the amendment of any part of the record of the current term.

Appellant contends that the declaration is defective for want of an averment of an unconditional promise to pay money. In declarations in assumpsit, where the instrument sued upon does not contain an unconditional promise to pay money, the pleader, usually, after stating the conditional undertaking, the happening of the condition, proceeds to say that defendant thereby became liable to pay, and thereupon " undertook and

promised," etc., but this is a mere matter of form, and the failure to do so can not be questioned upon general demurrer or motion in arrest, or on error. It is sufficient, except on special demurrer, that the pleader has stated distinctly that which, if proven, will sustain the action. This is done in this case. The making of the policy, the conditions of the contract, the performance of all conditions he is bound to show were performed, and the happening of the contingencies upon which defendant becomes liable to pay, and the failure of defendant to so pay, are all set out in this declaration.

We can not commend this declaration as a model of artistic pleading, but its imperfections are not such as to require a reversal of this judgment. Some criticism is indulged in by appellant as to the use by the pleader of the phrase " substantially promised." This means simply that the pleader proposes to set forth merely the legal effect, or the substance of the promise, without giving the precise words, and is not faulty in substance, although it does not follow the language of the precedents.

It is also objected that the declaration " contains no statement of interest in the insured." The insurance was taken and paid for by Henry H. Kellogg, upon his own life. The interest of a man in *his own* life need not be averred. The interest of the plaintiff in the money to be paid is shown by the terms of the policy, which is set out verbatim in the copy attached to the declaration as a part thereof.

Lastly, it is insisted that there was error in receiving in evidence, at the assessment of damages, the policy of insurance, because, first, it varied from the instrument mentioned in the declaration. It is not alleged that it varied from the copy attached to the declaration as part thereof, but that it varied from the allegations contained in the same count as to the legal effect of the contract declared upon.

Such a variance can not avail. If the pleader's general description of the instrument declared on, contained in a count which sets out the instrument verbatim, varies from the true legal effect of the instrument itself, the general descrip-

tion must yield to the language of the instrument as set out, and, in so far as it varies, must be rejected as surplusage. It is merely the erroneous opinion of the pleader, which does not affect the true legal effect of the words of the instrument. If, rejecting this general description as surplusage, the declaration shows a cause of action, and the proof agrees with these paramount allegations, it is sufficient.

Again, in this case, there was no necessity for any proof whatever for the assessment of damages. The damages rested purely in computation. The default admitted every allegation of the declaration, in so far as it was traversable. It admitted the execution of the policy, the terms of the policy, the full performance of the conditions by Kellogg, the fact of the death under the age of 45, the time of the death, notice and proof of these facts 90 days before, and hence admitted that $1000 was due and unpaid at the time of the bringing of the suit, and all that remained was, to compute interest from the bringing suit to the assessment of damages. This needed no proof whatever, and so long as the damages do not exceed the amount of the policy and proper interest, the defendant can not be said to be harmed.

The judgment must be affirmed.

*Judgment affirmed.*