THE SALINA BUILDING, SAVING AND TRUST ASSOCIATION
v. AMBROSE M. BEEBE.

1. CASE-MADE; *Power of Trial Judge.* The trial judge, in settling a case-made for the supreme court, has the power, before signing, on his own motion and without suggestions of amendments in writing from the adverse party, to make such alterations, erasures and additions in it as may be necessary to make it speak the truth.

2. CASE-MADE; *Facts Not Constituting a Cause of Action.* The same rule applies to the power and duty of the trial judge in settling a case-made, so far as its accuracy is concerned, as to bills of exceptions, and a petition which asks to have a new trial granted in an action, or the case-made reformed, because of the alleged incorrectness of the case-made, resulting from a supposed mistake and misapprehension on the part of the judge as to the testimony introduced on the trial, fails to state facts sufficient to constitute a cause of action.

3. SUPPLEMENTAL CASE-MADE, *No Provision for.* After a case-made is finally settled and signed, there is no provision of the statute allowing the disputes between counsel and the trial judge over the testimony claimed to have been produced on the trial to be brought to the supreme court on an additional or supplemental case-made.

4. DECISION OF TRIAL JUDGE, *Final.* The decision of the trial judge, that a case-made, as prepared for his signature by one of the parties to the action, is untrue, is conclusive and final.

*Error from Saline District Court.*

ACTION brought by the *Salina Building, Saving & Trust Association* against *Beebe*, to recover upon a certain promissory note. Trial at the April Term, 1878, of the district

court, and judgment for the defendant. The plaintiff brings the case here. The facts appear in the opinion.

*John Foster*, for plaintiff in error.

*Garver & Bond*, and *Mohler & Cunningham*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 7th day of March, 1877, the plaintiff in error brought its action against the defendant in error, in the district court of Saline county, to recover $642 upon a promissory note, and to foreclose a mortgage given to secure the same. The defendant, Beebe, filed an answer alleging the payment of the note in full. The case was tried to the court, without a jury, on January 8, 1878, and then taken under advisement to the next term. At the ensuing term, and on the 4th day of May, 1878, the court rendered judgment for the defendant for all costs. A motion for a new trial was filed within three days, which was overruled, and sixty days taken to make a case. This was prepared by counsel for plaintiff, and handed to the opposing counsel on June 13, 1878. It was presented to the judge for settlement on July 19, 1878, and by agreement of the parties, settled, allowed and signed on July 22, 1878, as of the date of July 2, 1878. At the settlement of the case, the judge, of his own motion, struck out large portions of the evidence, and otherwise corrected the case in accordance with his recollection and understanding of what occurred on the trial. The plaintiff was dissatisfied with the case as settled, and on September 28, 1878, filed its petition in the district court of Saline county for a new trial, or a reformation of the made case. On October 23, 1878, defendant filed a demurrer to the petition, on the ground that sufficient facts were not stated to constitute a cause of action. On December 6, 1878, the court sustained the demurrer. The plaintiff duly excepted to the ruling. Thereafter the court decided to hear the plaintiff's testimony concerning the alleged mistake and misunderstand-

ing of the judge of the evidence introduced on the trial of the original case of the association against the defendant. This testimony is preserved in the form of an additional or supplemental case-made, settled and signed February 10, 1879. The proceedings in error attempt to present for our consideration and review the case commenced March 7, 1877, in which judgment was rendered May 4, 1878, and the subsequent case commenced September 28, 1878, and decided on demurrer on December 6, 1878, and also the additional or new case-made of February 10, 1879, concerning the correctness of the original case-made.

The case-made of February 10, 1879, is easily disposed of. It is attempted to connect it with the action of the court in sustaining the demurrer to the petition filed September 28, 1878, yet it cannot affect that proceeding. The petition, demurrer and the exceptions all antedate the testimony, and virtually complete the record of that case; at least, those portions of the record give to this court all that is necessary to determine whether the court erred in sustaining the demurrer. Further, the certificate of the judge is to the effect that the testimony submitted after the demurrer was sustained, was received to test the correctness of the original case-made; in the exact language of the judge, "to refresh our memories in order to get the case-made correct."

Again, said supplemental case cannot overthrow or change the case-made of July 22, even if we could sanction the practice of reopening a case-made against objection of opposing counsel, after it has been settled and signed, for the addition of evidence rejected at the settlement (which we cannot), as the judge certifies the evidence preserved in the case of February 10, 1879, "is somewhat different from that originally given—many new statements and opinions being injected." As conclusive upon that point, he says: "I know this, because I kept quite full notes of both hearings, and have compared them." In brief, the rehearing of the witnesses upon the dispute between the judge and counsel as to the correct-

ness of the original case-made, failed to satisfy the former that the case was incorrectly settled, or that any additions should be made. If counsel and the trial judge differ as to the accuracy of evidence introduced in a case-made when tendered for signature, and it is thought advisable by the judge to reexamine witnesses to refresh his recollection, such reëxamination, to be of any practicable benefit, or to subserve any useful purpose, must be had before the case-made is settled and signed. The practice pursued in this case is not in accordance with the statute.

All that is left for further consideration is the original case-made of July 22, and the action of the court in sustaining the demurrer on December 6. No errors are pointed out by counsel in the original case-made, except in the allegations that the judge eliminated material evidence, and otherwise changed the case-made before signing it without any amendment being suggested in writing. We decided in *Sloan v. Beebe*, ante, p. 343, that the judge of the district court in settling a case-made for this court has the power before signing, on his own motion, to make such alterations, erasures and additions in it as may be necessary to make it speak the truth. In addition, his decision as to the truthfulness of the case-made is conclusive and final, until, at least, the certificate is shown to be intentionally false and to have been fraudulently prepared. Such a showing has not been made here. (*Shepard v. Peyton*, 12 Kas. 616; *M. K. & T. Rly. Co. v. City of Ft. Scott*, 15 Kas. 435.) No errors, therefore, are brought to our attention in the record of the first action.

As a record imports absolute verity, in the absence of allegations of fraud, or want of jurisdiction in the court, we must assume the journal entry of May 4, 1878, and the certificate of the judge of July 22, to be true; hence, omitting such portions of the petition of September 28, 1878, as contradict or attack those records, the *gravamen* of the petition is, that a new trial should be awarded in the first action, or the original case-made reformed, because the case-made was set-

tled and signed by the trial judge under a mistake and misapprehension of the testimony submitted on the trial, and thereby the plaintiff is debarred from having his case reviewed upon a true, fair and just record: It is not charged that the case-made, as signed, is intentionally false, or that it was fraudulently changed or modified, or that the successful party has been guilty of any fraud in obtaining the judgment or in settling the case-made. As the same rules must necessarily apply to the power and duty of the trial judge, in settling and signing a case-made, so far as its accuracy is concerned, as to bills of exceptions, the allegations of the petition fail to state a cause of action. The law devolves upon the trial judge the right and duty of passing upon the correctness of a case-made, and as it would be unseemly in practice and unsatisfactory in its results to allow a jury not present at the trial to settle a case-made upon conflicting testimony against the judge who presided at the trial, the law will not permit disputes of counsel with the trial judge over the evidence contained in a case-made or a bill of exceptions, to be litigated as here attempted. (*Shepard v. Peyton*, supra.)

The rulings and judgments of the district court will be affirmed.

All the Justices concurring.