Hammerslough v. Hackett.

---

LOUIS HAMMERSLOUGH v. MARGARET HACKETT.

1. CASE-MADE — *Settling and Signing may be Delayed.*    While the district
judge has no power to extend the time for making and serving a case-
made after the time fixed by the statute or by the order of the court or
judge has fully expired, yet, as the statute does not prescribe the time
within which the judge shall settle and sign the same, he has the power,
after a case-made and the amendments are properly served within the
time fixed by the order of the court, to delay the settling and signing
of the same, upon notice to the parties interested, for reasonable time
to incorporate in the case-made omitted testimony in order that the
case-made, when finally signed, may in all matters speak the truth.

2. CASE-MADE *to be Attested; Presumption.*    After a case-made is settled
and signed by the judge, it is his duty to cause it to be attested by the
clerk, with the seal of the court thereto attached, and where a case-

made appears upon its face to have been duly settled and signed by the district judge and is attested by the clerk with the seal of the court attached, it will be presumed, in the absence of any showing to the contrary, that the judge caused the case-made to be attested by the clerk and the seal of the court to be thereto attached.

3. PUBLIC RECORDS; *Certified Copies as Evidence; Erroneous Rejection.* It is error to reject certified copies of recorded deeds, or certified copies of other public records equally accessible to both parties, offered in evidence by the defendant, when the originals were never in his possession or under his control, solely on the ground that copies thereof had not been furnished to the plaintiff under a written demand therefor. Section 369 of the code does not apply to such testimony.

4. PUBLICATION; *Defect in Proof; Amendment; Notice.* Where the defendant in a foreclosure suit has been regularly served by publication, and there is a fatal defect in the proof of publication, the defect can be cured by amendment so as to conform to the facts. But after the action has been disposed of and the term has ended, special notice is necessary on a motion to amend the record by filing a new and sufficient proof of publication, so as to show that the court had jurisdiction to render judgment.

## Error from Wyandotte District Court.

ACTION by *Margaret Hackett* against *Louis Hammerslough,* begun on the 13th day of February, 1882. The petition in this case states that on January 11, 1879, the defendant Louis Hammerslough and his wife Rachel conveyed to the plaintiff Margaret Hackett two hundred and eighty acres of land situate in Coffey county, in this state; that by the terms of the deed the defendant covenanted to and with the plaintiff that he and his wife were lawfully seized of an indefeasible estate in fee simple in the real estate, and that they had good right to convey the same, when in truth and in fact neither of them was seized of any estate therein, nor of any part thereof; that neither of them had the right to convey the premises, nor any part thereof; that upon the execution and delivery of the deed, the said covenants and each of them were broken, and that the said plaintiff took nothing by virtue of the deed. Defendant filed an answer admitting the execution of the deed, alleging it was made without any consideration whatever, and denying each and every allegation in the petition. For a further defense the answer alleges:

"That on the 11th day of January, 1879, he was in possession of the land described in the petition, under color of title thereto, and claiming to own the same in fee simple; that on said date he made the deed described in said petition, and covenanted by said deed in manner following, that is to say:

"The said Louis Hammerslough, and Rachel Hammerslough his wife, hereby covenanting that they are lawfully seized of an indefeasible estate in fee, in the premises herein conveyed; that they have good right to convey the same; that said premises are free and clear of any incumbrances done or suffered by them or those under whom they claim, and that Louis Hammerslough will warrant and defend the title to the said premises unto the said party of the second part [plaintiff herein] and unto her heirs and assigns forever, against the lawful claims and demands of all persons whomsoever; that the said covenants hereinbefore stated were all made by him in the terms and words aforesaid, and constitute all the covenants in said deed contained; that at the execution of said deed he delivered possession of said land to the plaintiff; that plaintiff, by a conveyance made and executed by her, has disposed of all said lands, and of all of her interest and estate therein, and has assigned and conveyed for a valuable consideration, and the same is now vested in Gardner Lathrop and William M. Smith who claim title thereto under a conveyance thereof regularly made and executed by plaintiff; that said Lathrop and Smith have been put in possession of said land under their title derived from plaintiff, and are still in possession thereof; wherefore, defendant says that plaintiff has suffered no damage by reason of the alleged breach of the covenants set forth in her petition, and ought not to have or maintain her action herein."

And for other defense the answer sets forth:

"That since the making of said deed, defendant has procured to be conveyed to himself all and every outstanding and conflicting claim of every nature existing or pretended to exist against the title of said lands conveyed by him by the deed aforesaid, all and every of which claims have been by the operation of said deed annexed to and are now vested in the plaintiff and her assigns."

The reply alleges:

"That the said defendant Louis Hammerslough was not on the 11th day of January, 1879, nor was he at any time before or since said time, in possession of the said lands de-

scribed in plaintiff's petition; that she has not conveyed said lands or any part thereof to Gardner Lathrop and William M. Smith, nor either of them; that Gardner Lathrop and William M. Smith, nor either of them, have been put into possession of said land, or any part thereof, under any title derived from said plaintiff; said Lathrop and Smith are not now, nor are either of them, in possession of said lands, nor any part thereof.

"*Second.* To the defendant's third ground of defense, this plaintiff says that said defendant has not procured to be conveyed to himself all and every outstanding and conflicting claim of every nature existing or pretended to exist against the title to said lands described in said petition; that no title has been annexed to or vested in the plaintiff, or any of her assigns, by operation of said deed aforesaid.

" *Third.* The plaintiff, further replying, says: That to cover any supposed conveyances that may hereafter be or now are vested in or made to the supposed defendant, and to bar any future claims, she, her heirs or assigns, may have to any right, title or interest in said lands, or under or by virtue of any covenants in said deed in plaintiff's petition mentioned, said plaintiff hereby tenders and files herewith her deed of release and quitclaim to any and all title and interest in or to said lands."

With the foregoing reply, plaintiff filed a quitclaim deed. The judge of the district court having been of counsel in some of the proceedings relating to the cause, by consent of parties, H. L. Alden, Esq., was agreed upon to act as judge *pro tem.* therein. Trial by the court, at the July Term, 1882, a jury being waived. A general finding was entered by the court for the plaintiff, and judgment rendered in her favor for the sum of $1,748.70 and costs. The defendant *Hammerslough* excepted, and brings the case here.

*Hiram Stevens, Karnes & Ess,* and *J. D. S. Cook,* for plaintiff in error.

*G. H. English,* and *J. B. Scroggs,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: A preliminary question is presented in this case upon the motion made by defendant in error (plain-

tiff below) to dismiss. The facts are, the judgment was rendered and entered August 1, 1882, and the plaintiff in error (defendant below) was given sixty days to make and serve a case-made. The case-made was served on the 26th day of September, 1882, that day being within the time allowed by the court for that purpose. Within three days thereafter the plaintiff below suggested amendments thereto in writing; on the 5th day of October, 1882, the parties by their attorneys appeared before the judge *pro tem.* to settle the case. The amendments suggested were agreed upon and incorporated in the case-made. Thereupon the defendant below asked the judge *pro tem.* to settle and sign the case-made as amended, and plaintiff below asked the judge to strike out the words, "This was all the evidence offered on either side." The court examined the papers and exhibits, and then directed additional matters of evidence, which had been omitted therefrom, to be added to the case, and overruled the motion to strike out the words complained of. On the 17th day of October, 1882, the parties again appeared before the judge by their attorneys, and the case was settled and signed, and then attested by the clerk, with the seal of the court attached.

It has already been decided that the judge of a district court, in settling a case-made for this court, has the power, on his own motion, or at the suggestion of either party and before signing a case-made, to make such alterations, erasures and additions in the case-made as may be necessary to make it speak the truth. (*Sloan v. Beebe,* 24 Kas. 343; *Building Association v. Beebe,* 24 Kas. 363.) Therefore the judge was guilty of no impropriety in directing certain omitted testimony to be incorporated in the case-made. He might have made the additions himself, or directed either of the parties to do so. The postponing of the settling and signing of the case-made from the 5th day of October to the 7th of that month seems to have been solely for the purpose of incorporating in the case-made the omitted testimony, in order that the case-made might be in all matters correct and complete.

This action on the part of the judge was not extending the time for making the case after the time fixed by the order of the court had once elapsed. As the case was duly made and served within the time allowed, and the amendments thereto properly suggested, the judge had all reasonable time thereafter to examine the same before settling and signing it. He was not required to sign the same until all the additions were added that he deemed necessary to be added to make the case speak the truth. While the statute provides for fixing the time in which the case-made must be served, and in which the amendments must be suggested, the time for settling and signing the case by the judge is not prescribed in the statute; therefore the objection that the case was not made within the proper time is not well founded.

As the clerk has attested the case and attached the seal of the court, the objection to the certification is also untenable. While perhaps it would be a little more regular for the case-made to show upon its face that the judge had directed the clerk to attest the case and attach the seal of the court thereto, yet we are not to assume that the clerk affixed his signature and the seal of the court to the case-made without the direction of the judge settling and signing the same. After the judge to whom the case and amendments had been submitted had settled and signed the same, it was his duty to cause the clerk to attest the case and attach the seal of the court thereto. The presumptions are that the judge performed his duty, as the case-made is properly attested and sealed. Therefore we may assume the judge caused the record to be attested and the seal of the court to be attached.

The alleged errors mostly concern the exclusion of testimony. The common source of title of the land in controversy was in one George W. Campbell. As tending to establish his title to the land and his right to convey the same at the date of the execution of his deed, plaintiff in error, after he had introduced proof that he had never had the originals in his possession, offered in evidence a certified copy of the mortgage of the premises from George W.

Campbell to L. Levison & Co., of the date of October 6, 1866, and of record in the office of the register of deeds of Coffey county, in this state; then a certified transcript of the proceedings of the district court of Miami county foreclosing this mortgage, which mortgage embraced lands lying in both Miami and Coffey counties; then a certified copy of the sheriff's certificate of sale under such foreclosure of the date of June 8, 1869, of record in the office of the register of deeds of Coffey county; then a certified copy of the sheriff's deed of the premises to Levison & Co., of the date of the 29th day of September, 1873, and of record in the office of the register of deeds of Coffey county. He attempted to supplement this evidence by the production of an original deed of the date of the 21st day of July, 1882, from Levison and others to himself of the same premises as a substitute for the lost deed of L. Levison & Co. of March, 1874. Thereupon the counsel of defendant in error called the court's attention to a notice served July 10, 1882, upon the attorneys of the opposite party requiring such party or his attorneys to deliver a copy of any deed, instrument, or other writing whereon the defense in the action was founded, or which they intended to offer in evidence at the trial of the cause, and objected to the introduction of all of said papers and records, for the reason that no copies thereof had been delivered as demanded by the notice. It was also objected that the evidence was incompetent and irrelevant. The court admitted the transcript of the record of the foreclosure of the mortgage from Campbell to Levison, but excluded copies of the records from the office of the register of deeds of Coffey county, and also excluded the original deed from the Levisons and others of the date of July 21, 1882.

It is apparent to us, from an examination of the proceedings, that the court rejected the copies of the records not admitted, because the other party had long before demanded in writing, copies of all papers intended to be used, and these papers had not been furnished. The rulings of the court upon these matters were erroneous, as the papers offered do

not come under the statutory rule.    They were copies obtained
from the public records, equally accessible to all the parties.
Section 369 of the code does not apply to copies of records of
this character.    The copies of all deeds, instruments or writ-
ings of which the plaintiff in error never had the possession
or control, and which were of record either in the district
courts of Miami or Coffey county, or in the office of the reg-
ister of deeds of Coffey county, material to the case and other-
wise sufficient, ought to have been admitted, notwithstanding
the notice of July 10, 1882.

After the plaintiff in error had read in evidence a mortgage
of the premises, between defendant in error and her husband,
to Foreman & Friedlander, of the date of February 27, 1879,
to secure a promissory note of that date for the sum of $600,
bearing seven per cent. interest per annum, he attempted to
offer in evidence a transcript of the records of Coffey county, in
this state, in the case of Lathrop & Smith, plaintiffs, v. Mar-
garet Hackett and Thomas J. Hackett, defendants, wherein
the mortgage to Foreman & Friedlander was foreclosed, and
also a sheriff's deed of the date of July 29, 1881, transfer-
ring said premises under the foreclosure proceedings to said
Lathrop & Smith.    This testimony was also excluded.    In
this exclusion, however, we do not perceive error because the
record does not show a sufficient and legal publication of the
summons by which the defendants were brought into court.
It is true that at a subsequent term of the district court of
Coffey county, the plaintiff, in the foreclosure proceeding, at-
tempted to amend the record by proof that there had been a
legal publication prior to the rendition of the judgment of
foreclosure, and if notice of such amendment or correction
had been properly served upon the opposite party, the defect
in the proof of publication could have been cured by amend-
ment, so as to conform to the facts; but while the power to
amend exists, and justice requires that amendments shall
be made, if the facts originally existed to justify correction,
such amendment cannot be made after the action has been dis-
posed of and the term ended, without special or additional

notice. (*Ins. Co. v. Kellogg*, 82 Ill. 614; §§ 532, 534, 536, and 538 of the Code.)

All the amendments in the case of Lathrop & Smith *v.* Hackett & Hackett at the July term of the district court of Coffey county for 1882, being long after the final disposition of the original case, and being wholly without notice, either personal or by publication, must be disregarded as void. (*Ins. Co. v. Kellogg,* supra.)

We have purposely omitted to comment upon many of the allegations of error, for the reason that while the record in this case consists of 128 pages of manuscript, the briefs do not refer to any of the pages of the record which counsel ask us to examine, and because prior to another trial the plaintiff in error will undoubtedly apply for and obtain leave to file his amended and supplemental answer, tendered during the trial, and which sets forth with great particularity the title alleged to be possessed by him, and also copies of deeds, records and other papers upon which he relies to sustain his defense. Therefore many of the questions now presented are not likely to trouble the trial court again.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.