## *STATE OF OHIO EX REL. HAWKS v. YEATMAN BICKHAM.

1. JUSTICE MAY DETERMINE WHETHER A BILL OF EXCEPTIONS IS TRUE.

The power of determining whether a bill of exceptions is true or not, is vested in the judicial officer to whom it is presented for allowance; and this rule applies to forcible entry and detainer. The power to decide upon the bill is in the justice.

2. WRIT NOT ALLOWED UNLESS BILL IS A TRUE ONE.

Upon petition to compel the allowance and signing of a bill of exceptions, if the answer to the alternative writ shows that the justice is willing to sign a true bill, but that the bill presented is not true, a peremptory writ will be refused.

3. WHAT RELATOR MUST PLEAD.

To entitle the relator to the writ, he must plead issuably all the facts necessary to show dereliction on the part of the officer against whom the writ is prayed; he must also show by proper averments that facts which would justify the omission complained of do not exist; that the relator has a clear right to the performance of the act which he asks the court to order; that he will be prejudiced by its non-performance, and that he has no other adequate remedy. Hence, if it does not show that a verdict and judgment was had, mandamus to a justice to sign the exceptions will be refused, for exceptions would be vain. An averment that the justice overruled a motion for a new trial is not an equivalent.

MANDAMUS.

The relator presented his petition to two of the judges of this court at chambers, praying for a writ of mandamus to compel the defendant, a justice of the peace, to sign a bill of exceptions. The petition alleges that a trial was begun and held before the defendant as justice of the peace, in which trial Hawks was the defendant; that during the progress of the trial Hawks took numerous exceptions to the rulings of the justice; that he excepted to part of the charge given to the jury, and to the overruling of his motion for a new trial; that both parties agreed that the exceptions might be reduced to writing after the trial. Relator says that he prepared a true bill of exceptions, and at the time agreed upon he presented the same to the defendant herein for allowance, and requested that it be allowed, signed, and entered on the docket. He avers that the defendant, not disputing the truthfulness of said bill of exceptions, but on the contrary admitting the same to be true, refused to allow, sign and enter the same on his docket. The action was for forcible entry and detention. The relator says he will be without remedy unless the defendant be compelled to allow and sign said bill of exceptions, and he prays that the defendant may be compelled by mandamus to do so, or show cause why he should not. The relator brings into court bill of exceptions which he presented to the defendant for allowance. The judges to whom the petition was presented allowed an alternative writ. The writ issued, and the defendant in his answer, says he is willing to allow and sign a true bill of exceptions, but that the bill presented is not a true bill of exceptions. The answer states certain objections to the form of the bill of exceptions—that it contains matter which should not be incorporated in a bill of exceptions, and that it omits certain matter necessary to show the action of the court excepted to. The defendant also says he never admitted the truthfulness of the bill presented.

---

* This case was dismissed by the supreme court, for failure to file a printed record, May 10, 1892. It was cited by the circuit court in Railroad Co. v. Morris, 3 O. D., 479, 486.

BEER, J.

It will be observed that the relator asks that the justice be compelled to sign —not a true bill of exceptions—but the bill which he refused to sign, and which, he says, is not a true bill of exceptions. The alternative writ commanded him to sign the bill which the relator presented for allowance. Under the circumstances, should a peremptory writ issue?

It is claimed by the relator that the answer of the justice is insufficient. That he is bound to allow and sign a bill of exceptions if one be tendered within time. That if it is not correct the justice must correct it, or point out wherein it is incorrect, so that party presenting it may correct it if he desires to do so.

Secion .6610, Rev. Stat., provides that in actions for forcible entry and detention, either party may except to opinions of the justice on questions of law and evidence. Section 6565 provides that, "in all cases before a justice either party shall have the right to except to opinions of the justice upon any question of law arising during the trial of the cause, and whenever either party shall allege such exceptions, it shall be the duty of the justice to sign and seal a bill containing such exceptions; if truly alleged, with the point decided, so that the same may be made a part of the record in the cause."

Section 594 provides that exceptions to the ruling of the justice on questions of law must be entered by him in his docket. It is urged that because sec. 6610 provides that either party may except to the opinion of the justice on questions of law and evidence in actions for forcible entry and detention, and is silent as to how the party shall procure and preserve his exceptions; that, therefore, sec. 5302, and not sec. 6565, provides the mode by which the bill of exceptions shall be allowed and signed, and sec. 5302 provides that the bill shall be corrected if not true. Section 6705 reads: "The provisions of title one, part third, of the Revised Statutes, which are in their nature applicable to the proceedings before justices, and in respect of which no special provision is made in this title, are applicable to proceedings before justices of the peace."

But "special provision is made in the title" for the allowance of bills of exceptions in trials before justices of the peace. Section 6565 provides that "in all cases before a justice, either party shall have the right to except and to have his bill of exceptions signed and sealed if the exceptions "be truly alleged." All cases, includes actions for forcible entry and detention. A majority of the court conclude that the defendant was not bound to sign a bill of exceptions wherein the exceptions were not truly alleged, and that he was not bound to correct such bill, and then sign and seal it. "The justice is not required to prepare bills of exceptions, and he is not bound to sign a bill unless it is correctly made out." Swan's Tr., 189.

We are not asked to compel the defendant to correct and sign a bill of exceptions, but we are asked to compel him to sign the bill, which he says is not true. The power of determining whether the particular bill of exceptions tendered is true·or not, rests exclusively with the court or judge before whom the cause was tried, and to whom the writ is directed, and the exercise of this power is beyond control by mandamus; State v. Todd, 4 O., 351; 40 Ill., 96; 91 Ill.,·87; 13 Wise, 380; 51 Vt., 570; 12 Kan., 616; High on Mandamus, sec. 202. So when the answer shows that the defendant is willing to sign a true bill but alleges that the bill as presented is not true, the peremptory writ will be refused, since the right to determine the truth of the bill rests exclusively with the judicial officer before whom the cause was tried. Creager v. Meeker, 22 O. S., 207. High on Mandamus, sec. 202.

But if we are in error in the foregoing, a majority of the court are of the opinion that the peremptory writ should not issue for the further reason, that the writ will not be granted unless the petition alleges facts sufficient to show that the officer against whom the writ is prayed, has omitted a manifest duty. It must contain not only the affirmative allegations of proceedings necessary to entitle the

party to the process prayed for, but it must also be averred that other facts which would justify the omission complained of, do not exist. 25 Me:, 333; Moses on Mandamus, 19. The facts which go to constitute the duty, the omission to per-form the duty, that the omission is without excuse, that the relator is clearly en-titled to do performance, that he will be prejudiced by its non-performance, and that he has no other adequate remedy, must be plead distinctly and issuably; High on Mandamus, secs. 10, 12, 536, 537; 7 East, 345; 12 Ill., 254; 9 Neb., 92; McKenzie v. Ruth, 22 O. S., 371; 15 Barb., 607.

A justice will not be compelled to sign even a true bill of exceptions if to do so would be a vain thing. If the case was tried to a jury with numerous exceptions taken during the trial, yet if the jury disagreed, of what avail would a bill of ex-ceptions be to either party? So if the justice failed to enter judgment, what would either plaintiff or defendant do with a bill of exceptions? In the case before us, there is no averment in the petition that the jury returned a verdict, or that the jus-tice rendered a judgment. True, the petition states that the relator excepted to the action of the justice in overruling his motion for a new trial; but that state-ment is no averment of a verdict or judgment against him. With no verdict or judgment against the relator, he is not prejudiced by the act of the justice of which he complains. A majority of the court are of the opinion that the petition is in-sufficient, and the writ will, therefore, be refused.

Moore, J., concurred, Seney, J., dissented.

A. Zugschwert, for relator.

John Sheridan, *contra.*