Carpenter, J.
The relator alleges in his petition that he duly presented a “true” bill of excepr tions of all the evidence produced at the trial in the case of The John Gill & Sons Company v. J. Ablisky, at which trial the Hon. George P. Baer presided, and asked the defendant herein to sign and correct the same, if necessary, and to allow and sign such bill as provided in Section 11566, General Code; that said defendant refused arbitrarily and unjustly, and for the sole purpose of defeating relator’s right to proceed in error in said cause, to settle, allow, or correct and sign, said “true” bill of exceptions, etc.
*185 Upon which an alternative writ was allowed to issue.
The defendant in his answer says, in substance, that the trial consumed two full days, during which time much testimony was required, and that he suggested to counsel then to secure a stenographer so that a record might be made, but that said counsel did not so do; that the relator, after the rendition of the verdict, changed counsel; that the said bill of exceptions which counsel so prepared and presented to him for signature was not a “true” bill and did not and does not truthfully set forth the testimony or evidence; that it does not properly or fully report, even in substance, the testimony of the witnesses at said trial; that it charges and accredits testimony to the defendant that was obtained from relator’s superintendent on cross-examination; and that it does not give the charge of the court correctly or fairly, and untruthfully states that said bill contains “all the evidence offered and given at said trial.1”
Defendant further alleges that all the matters regarding said bill of exceptions were fully presented to him at a hearing at which both plaintiff’s and defendant’s counsel were present and arguments made, and at which hearing the court held that the bill presented to him was not a “true” bill of the testimony nor of the evidence in said case; that then and there he offered to help relator’s counsel prepare a suitable bill to raise any questions of law involved in the trial; and that, he now offers to sign any “true” bill that is presented.
In the argument of counsel, at the above hearing, it was substantially admitted that the bill did *186 not contain “all the evidence” and that it was not a “true” bill. Excuse was made that by reason of change of counsel, and the circumstances connected therewith, it was impossible to procure from the memory of counsel who were present and conducted the trial all of the evidence and charge of court, the intimation being that the court should furnish from his memory such evidence and charge and prepare for relator an entire and true bill. In the case of Johnes v. Auditor of State, 4 Ohio St., 493, it is said:
“It must not be expected that the clerk of the court would draft writs of mandamus. * * * Counsel must therefore prepare such writs and submit them to the court before they are issued, in order that it may be seen that they correspond with the order of allowance.”
That a judge who has presided at a trial is not required by law to prepare a bill of exceptions for counsel and is only obligated to sign a “true” bill, or when the adverse party files an objection or amendment, to correct the bill, is fully established in the case of State, ex rel. Atkins, v. Todd et al., 4 Ohio, 351. As said by the court:
“The bill of exceptions, is in practice, and by law, to be signed and sealed only, not to be prepared by the judges; the only obligation upon the judges, is, to sign and seal a true bill of exceptions.
“But the object of the relator is, not to compel the judges to sign a correct bill of exceptions, but to sign the bill offered. * * * The power of determining whether a bill of exceptions is true, or not, is vested in the judges, to whom it is presented for signature. * * * Tf the court had granted *187 a ruLe to sign a bill of exceptions, the judge could have returned that he had performed that duty. But the object of the rule is to oblige the judge to sign a particular bill of exceptions, which had been offered to him. The court granted the rule to show cause, and the judge has shown cause, by saying that he has done all that can be required of him: and that the bill is not such an one as he can sign. Nothing is more manifest, than that the court cannot order him to sign such a bill of exceptions/ ” (From Ex parte Bradstreet, 4 Pet. [29 U. S.], 106.)
It will be remembered that in the present case the court refused to sign the bill of exceptions because it was not a “true” bill; that he had suggested to counsel to have the testimony taken down as given; that thereafter he offered his assistance in preparing a correct bill; and that he offers to sign any “true” bill that is presented to him. But it is insisted upon by counsel that he sign the particular bill presented to him.
In the case of Creager et al. v. Meeker, 22 Ohio St., 207, it is said in the syllabus:
“An application for a mandamus, to compel a judge to sign a bill of exceptions, should be accompanied by the bill that was tendered to him for his allowance.
“Where the answer in such case shows that the defendant is willing to sign a true bill, but denies that the bill presented is true, the writ' must be refused, as the right to determine as to the truth of a bill of exceptions is vested in the judge to whom it is presented.”
*188 And in the case of Shephard v. Payton, Judge, 12 Kans., 616, the syllabus reads:
“The decision of the trial j'udge, that a bill of exceptions tendered to him for signature is untrue, is conclusive and final, and the supreme court will not upon mandamus hear testimony as to its truthfulness, or compel him to sign it.”
The defendant has judicially decided that the bill which was presented to him was not a true bill, and under the authorities above cited he was acting within his proper jurisdiction. It being conceded that the bill which counsel had presented to the judge to sign was not a true bill, it is clearly evident that this court would not have the power in this proceeding to command him either to prepare a bill of exceptions for counsel nor to sign the bill which was presented to him.
The writ is therefore refused and judgment rendered for the defendant.

Writ refused.

Grant and Lieghley, JJ., concur.