STATE EX REL. WILLIAM C. DORY v. WILLIAM L. DICKSON.

**1. Court of Appeals Rule 1 Imposes Duty on Party Requiring Verbatim Transcript of Evidence to Reproduce it, not Harass Opponent.**

The requirement of Rule 1 of the Ohio courts of appeals, relative to reproduction of a verbatim transcript of the evidence when desired by either party, imposes upon the party requesting the duty of furnishing it, and is not intended to furnish opportunity to harass an opponent by putting him to the trouble and expense of reproducing it.

**2. Counsel, not Judge, Required to Make Corrections to Narrative Form Bill of Exceptions to Render Same Acceptable to Latter.**

If a proper bill of exceptions be prepared in narrative form under the rule, the trial judge should not as a matter of convenience order a verbatim copy of the evidence, but if he can not sign it as presented it is his duty to suggest to counsel what corrections should be made and to render him reasonable assistance and give necessary time for the making of such corrections, not however to the extent of placing the burden of the preparation of such bill of exceptions upon the judge.

ERROR to common pleas court.

*Marston Allen,* for plaintiff in error.

*Geoffrey Goldsmith,* for defendant in error:

Cited and commented upon by the following authorities: *State* v. *Hawes,* 43 Ohio St. 16 [1 N. E. Rep. 1]; *Salomon* v. *Reis,* 3 Circ. Dec. 184 (5 R. 375); *State* v. *Fiedler,* 16 Dec. 1 (3 N. S. 283); *State* v. *Todd,* 4 Ohio 351; *Creager* v. *Meeker,* 22 Ohio St. 207; *Herancourt Brew. Co.* v. *Frank,* 31 O. C. C. 277 (11 N. S. 505); *Kirk* v. *Mowry,* 24 Ohio St. 581; *State* v. *Spiegel,* 25 O. C. C. 552 (4 N. S. 255); 11 Cyc. 742; *Wood* v. *Ward,* 1 Dec. Re. 589 (10 W. L. J. 505).

**JONES, O. B., J.**

The purpose of Rule 1 of the court of appeals in providing for what has been called a short form of a bill of exceptions, is

to furnish a method of bringing into the record only so much of the evidence as may be necessary to present clearly the questions of law and fact to be considered by a court of error in determining the correctness of the ruling of the trial court, without at the same time encumbering the record with the needless, immaterial and obscuring matter that will always be found in a record made up of a complete transcript of the modern stenographic report of all the evidence and proceedings at the trial.

The rule is in the following words:

"Only so much of the evidence shall be embraced in a bill of exceptions as may be necessary to present clearly the questions of law and fact, involved in the rulings to which exceptions are reserved, and such evidence as is embraced therein shall be set forth in condensed and narrative form, save that if either party desires it or the court or judge so directs, any part or all of the evidence shall be reproduced verbatim."

It is authorized by and is in accord with Sec. 11562 G. C.:

"No particular form of exception is required. The exception must be stated with the facts, or so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible."

That part of the rule providing for the reproduction of a verbatim transcript of the evidence, when desired by either party or directed by the court, is not intended to furnish opportunity to a party to harass his opponent by putting him to the trouble and expense of producing it. Where a party desires such complete transcript it would seem to be his duty to furnish it. Nor should the judge impose a hardship upon the party by requiring such transcript without necessary and sufficient cause.

It is the duty of the litigant, or his counsel, and not that of the trial judge to prepare the bill of exceptions, but if the judge can not allow and sign it as filed it becomes his duty to suggest to counsel what corrections should be made and to render him reasonable assistance and necessary time for such corrections.

When a proper bill of exceptions in narrative form under the rule has been prepared and filed, it is not proper for a

trial judge, as a matter of convenience to himself and to avoid the labor of correcting it, to order a verbatim copy of all the evidence and proceedings to be supplied and substituted for the narrative form of evidence. Nor would it be proper for the judge to order a full stenographic copy of the evidence merely for the purpose of examination, comparison and preparation of the narrative form to be used in the bill of exceptions.

It is the right of a litigant, if he so desires, to have his case reviewed by an upper court, and it is the duty of the trial judge to assist the litigant in the enjoyment of that right as much as it is his duty to protect him in any other right than he might be properly asserting in such court.

Either party in a case is entitled to have any exceptions that he may take to the rulings of a judge preserved for trial in a higher court. This he can do by taking a single bill of exceptions embodying only so much of the record as may be necessary to have that ruling reviewed, and he may if he sees fit take separate bills of exceptions to separate rulings, or he may embody all of his exceptions together with all of the evidence in one bill of exceptions. To choose between these methods is the prerogative of the litigant.

The court's duty, however, is to determine as to the correctness of the bill or bills of exceptions, and his determination of what is a true bill is final. A party can not by submitting a mere skeleton of a bill of exceptions demand that a trial judge should practically prepare it by furnishing all omitted parts or necessary matters that should have been embodied in it. The heavy labors of the judge should not be increased by requiring from him any considerable part of the labor of its preparation, but he should be ready and willing to render reasonable assistance to counsel in pointing out and advising him as to what should be included, not however to the extent of controlling his determination as to how much or how little he sees fit to place into the record for the purpose of seeking review. If the bill of exceptions prove not sufficient to properly present the question desired in the court above, that will be the misfortune of the party, or his counsel, who prepares it.

The bill of exceptions as filed with this petition in mandamus seems to show that as originally filed in the common pleas court it consisted of pages 1, 2, 3, 4, 5, 6 and 7, and subsequently it was sought by plaintiff's counsel to correct the same by offering pages x, y and z in place of pages 1 and 2, except the last two paragraphs on page 2 which were to be retained and follow page z, and z is followed in turn by page 3 and the remaining pages of the bill of exceptions.

With either form taken as the bill of exceptions, had the certificate been signed without modification as originally presented, it would hardly be claimed that it showed that it included all of the evidence. The words found in the last paragraph on page 2 "With this as a brief statement of all the evidence, the court charged the jury as follows:" might be claimed to effect the purpose of such a certificate, but in either form as prepared, of what would precede them, it would hardly authorize a court of error to review the judgment as to the weight of the evidence.

If the trial court feared that the language above quoted might be misconstrued into a certificate that the bill of exceptions contained all of the evidence, they might have been stricken out or modified by the judge in correcting the bill.

We take it, however, that the purpose of counsel for plaintiff below was only to prepare a record that would afford an opportunity to review the ruling of the court in refusing to admit testimony offered by him in rebuttal, as shown on page 2, and to review the general charge as given by the court. This bill of exceptions is signed by the trial judge at the bottom of page 7, after all of the formal language of the certificate of allowance though not in the blank space originally left for that signature, adding certain language to the effect that the court does not know whether the above pages of the evidence embrace all of the evidence or not, and that the charge of the court is correct.

For the purpose of reviewing the correctness of the charge and the ruling above referred to as to the admission of evidence, this court is of the opinion that the bill of exceptions as

signed by the trial judge becomes a bill of exceptions which may be considered by the court of error, and for that reason the writ prayed for will be refused.

**Swing** and **Jones, JJ.,** concur.