STATE ex ADAMS v WEYGANDT, JUDGE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10353. Decided March 10, 1930

David B. Carpenter, Cleveland, for State ex.

Wilkin & Wilkin, Cleveland, for Weygandt.

Judges WILLIAMS & RICHARDS (6th Dist) sitting.

RICHARDS, J.

While the ordinary practice in the preparation of a bill of exceptions in a case involving the weight of the evidence, or in which there was a directed verdict, is to have the stenographer prepare a typewritten transcript of all the testimony introduced at the trial, yet unquestionably a defeated party desiring to prepare such a bill

of exceptions, is entitled in the first instance to prepare the same in narrative form, preserving of course therein all of the evidence which bears upon the rights of the respective parties. This the relator evidently attempted to do, but it is contended that the bill as thus prepared does not contain all of the evidence introduced, nor fairly state the evidence which it does contain. The bill being found by the trial judge not to be correct, his duty is enjoined by **11566 GC**, and it is, to correct the bill within five days thereafter or within such extended time as may be fixed. We do not understand that a fair interpretation of this section requires the trial judge to personally make the correction, but it manifestly was his duty, if the bill could reasonably be corrected, to indicate to counsel the corrections that should be made in order to make the bill a true bill. The duty of the trial judge in such case is clearly stated in **Beebe vs. State ex rel, 106 OS. 75**, in which it is held that if the trial judge is unable to make the correction from memory, it is his duty to refresh his memory from available information, including that which may be obtained from the stenographer. The case cited also holds that it is the duty of the trial judge to assist in securing and safeguarding the rights of a litigant, even his rights to prosecute error from the court's judgment, and that the court must use reasonable effort to correct a bill which is incorrect. See also **State ex rel Dory vs. Dickson, 2 Ohio App. 218**.

This court is entirely in accord with the views expressed in the cases above cited as to the duty of the trial judge in the settling of a bill of exceptions, but there may come a time when it is apparent to the trial judge that a complete transcript of all the evidence introduced is necessary in order to adequately raise the question in a reviewing court. It is easy to see in a case in which there has been a directed verdict that a little shading of the testimony in condensing the same, perhaps done inadvertently, might so change the situation as to require a reversal of the judgment. The court, in its endorsement on the bill of exceptions, had already in effect found that the bill was in such condition that it could not be corrected and that it would be necessary to prepare a new bill. This situation is covered by the latter part of Rule 1 of the Court of Appeals as printed in 2 Ohio App., 219, cited supra, in the following language:

> "If either party desires it, or the court or judge so directs, any part or all of the evidence shall be reproduced verbatim."

The trial judge evidently followed that rule, or at least applied its principle and directed a complete transcript of the testimony taken at the trial. The answer which he filed in this court avers that he informed the relator that he would allow, sign and certify the bill when thus completed and attached to and made a part of the bill as presented. This averment is not denied in the reply and we think the court was justified in refusing to sign the bill until a transcript was prepared as suggested by

him.

For the reasons given a judgment will be entered denying the writ of mandamus and dismissing the petition.

Writ refused.

Williams, J., concurs.