## STATE ex PRUDENTIAL INS CO OF AMERICA v PRICE

Ohio Appeals, 5th Dist, Perry Co

Decided March 18, 1933

Frazier & Holliday, Zanesville, and J. W. Giffin, Zanesville, for relator.

Jos. L. Meenan, New Lexington, for respondent.

J. E. Powell, New Lexington, amicus curiae.

## OPINION

### By SHERICK, PJ.

This question is therefore presented: Is the relator, under this state of facts, entitled to the issuance of a writ, when it is responsible for the failure and inability of the clerk and court to perform their duties within the time prescribed in §§11565 and 11566, GC?

Our attention has been directed to numerous early Ohio cases decided under the statutes then existing, prior to the enactment of the two sections referred to, which hold the respective duties of the clerk and trial court in respect to the perfecting of a bill of exceptions to be mandatory and jurisdictional requirements. These authorities, however, on the question presented, are now in the main historical. The Supreme Court, considering the present sections as re-enacted, now holds these duties to be merely directory and ministerial in character when the excepting party has performed the statutory duty required of him, that is his preparation and filing of the bill, as required by §11564, GC. See Cincinnati Traction Co. v Ruthman, 85 Oh St, 62, 96 NE, 1019, Ann. Cas., 1913A, 911, and Pace v Volk, 85 Oh St, 413, 98 NE, 111.

These cases condemn the odious practice of past adjudication in terminating litigation on purely technical grounds and assert the prevailing and just doctrine that a party should not suffer detriment by reason of a ministerial nonfeasance of a clerk or judge. And in Beebe, Judge v State ex Starr Piano Co, 106 Oh St, 75, 139 NE 156, it is held that such proceedings are remedial in character and should be liberally construed. An examination of these authorities, however, discloses that these cases are such as deal with situations in which the excepting party has not only performed the statutory duty required of him, but has exercised due diligence therein to the end that the official ministerial acts hereafter to follow might be done and performed within the statutory allotted periods.

We fully appreciate the logic and soundness of these authorities, but we hold the view that these decisions do not meet the situation here presented. In exercising lib-

erality of statutory construction we conceive it to be likewise a judicial duty to have in mind certain rights of the successful litigant. §11565, GC, provides that after notice he is entitled to ten days to prepare and file any objection or amendment to the bill. This is a substantial right which should not be lightly considered or denied. It is a mandatory duty imposed on him, and if he should fail within the time prescribed to object or suggest amendment to the bill he might be faced in the reviewing court with an untrue bill. In the instant action a bill of exceptions was filed within the forty days allotted Hubble's counsel was notified of this, but the bill was not obtainable, for the relator's counsel had withdrawn it from the files within the hour and kept it in their possession for a period of two weeks. Now if the excepting counsel might keep it from the prevailing party for fourteen days he might withhold it for a much longer period. In fact, if **Porter v Rohrer, 95 Oh St, 90, 115 NE, 616** supports the relator's contention, counsel might delay the bill's return to within fifteen days before trial in this court. If such practice could be countenanced, errors disclosed by the bill and relied upon for reversal could not be briefed understandingly by a defendant in error, and this court's salutary brief rules would be made to amount to naught, and unfair advantage would be taken of a defendant in error.

It seems to us that an excepting party has not only the mandatory duty to file his bill of exceptions within the forty-day period, but that he has a further duty to perform, that is, to refrain from doing any act that would make the bill unavailable to his opponent and render it impossible for a defendant in error to perform his mandatory duty within time. The relator by his own act has made it impossible for the respondent to perform his duty within the statutory time. We do not believe that a relator should be permitted to accomplish by a writ of mandamus that which he has by his own act caused to be unperformed by the public official whom he seeks thereafter to coerce.

Diligence and fairness of unsuccessful counsel are indispensable attributes and prerequisites to obtaining reviews of adverse decisions. In the presented situation the respondent knew that the clerk, the opposing counsel, and the court each had a duty to perform with respect to his bill; and he knew that if he withdrew the bill these duties could not be performed. This having been done without that court's per-mission was contrary to fair practice, which does not draw this court to the view that the relator has shown a clear right to the relief prayed for.

There is a second reason why the writ should not issue. It is not averred in the petition that the bill of exceptions filed was a true bill. It is stated that it is a "written bill." The answer filed by the respondent alleges that it is but a purported bill of exceptions, and "denies it is a true bill." The application for the writ is not accompanied by the bill in question. It was not placed in evidence and is not now before this court. It is not stipulated or proved that the bill is a true bill. It may be wrong in its entirety and not susceptible of correction in its present form. The members of this court are not inclined to order the signing of a paper the contents of which are not known to us. It is within the respondent's sole power to determine if the bill be true; and it not being charged or proved that the trial court has abused his discretion in so determining, this court must assume its conclusion to be true. **Creager v Meeker, 22 Oh St, 207, and State ex v Baer, Judge, 8 Oh Ap, 184,** support the conclusion reached.

The issuance of the writ is denied and judgment rendered for the respondent.

Writ denied.

LEMERT and MONTGOMERY, JJ, concur.