## OHIO FARMERS CO-OP MILK ASSN v DAVIS

Ohio Appeals, 3rd Dist, Crawford Co

No 1392.   Decided Oct 13, 1937

Arden W. Wisman, Bucyrus, for plaintiff-appellant.

Leo J. Scanlon, Crestline, for defendant-appellee.

## OPINION

### By THE COURT

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Crawford County, Ohio, in a cause pending in said court wherein Ohio Farmers Co-Operative Milk Association, the appellant, was plaintiff and George Davis, doing business as Bucyrus Restaurant, appellee, was defendant.

The cause is submitted to this court upon the motion of defendant-appellee to strike from the files the purported bill of exceptions filed herein for the following reasons:

1. Neither defendant or his attorney has had any opportunity whatsoever to inspect said purported bill of exceptions at any time.

2. Said purported bill of exceptions has not been approved by the Judge of the Court of Common Pleas of Crawford County, Ohio.

3. Said purported bill of exceptions does not have a proper certificate attached as required by law.

4. Defendant herein within ten days from the filing of the purported bill of exceptions filed a motion in the Common Pleas Court of Crawford County, Ohio, objecting to the approval of the purported bill of exceptions.

and is also submitted to the court upon the motions of plaintiff-appellant for an order granting leave to appellant to attach to its bill of exceptions filed in this court, the certificate of the official court reporter, as provided by §11571 GC, and for diminution of the record under favor of §11572-a GC, and for an order to return the bill of exceptions filed in this case to the Court of Common Pleas for the purpose of permitting the trial court to allow and sign the bill of exceptions.

As the granting of either of the motions of the appellant will necessarily require the denial of the motion of the appellee, the motions will be considered in the inverse order of their submission.

On July 12, 1937, and within less than forty days after the entry of the judgment from which this appeal was taken, plaintiff-appellant filed the bill of excep-

tions in controversy, in the office of the clerk of courts but immediately withdrew the same from the files and retained the same in his possession from July 12th until about four o'clock in the afternoon of July 23rd, the fiftieth day after the entry of the judgment from which this appeal is taken, when he returned the same to the clerk's office and finding that the trial judge was absent from his office caused the same to be filed by the clerk in this court without having secured the signature of the trial judge thereto.

Said bill of exceptions did not at the time of filing and does not now bear the certificate of the official court reporter thereto, as contemplated by §11571, GC.

There was at all times mentioned a custom in effect in the office of the clerk of courts of the county whereby attorneys representing parties to causes withdrew original papers from the files in said cases from the office of the clerk and retained them in their possession until such time as they were returned by the attorneys of their own volition or upon request of the clerk.

Immediately following the filing of the bill of exceptions on July 12th the clerk gave notice to defendant-appellee's counsel of the filing thereof, pursuant to the provisions of §11565, GC. Subsequent to the receipt of such notice and prior to July 23rd the attorney for defendant-appellee called at the office of the clerk for the purpose of examining such purported bill of exceptions and preparing and filing his objections and proposed amendments thereto, as provided in said section, and was each time advised by the clerk that such purported bill of exceptions had been withdrawn from the files by the attorney for plaintiff-appellant and had not been returned by him to the office of the clerk.

1. The determination of plaintiff-appellant's motion for an order directing the return of the bill of exceptions to the trial judge for allowance and signature involves the consideration of the duties of the clerk of courts with reference to papers and particularly bills of exceptions delivered to him for filing.

Sec 2875, GC, provides:

"The clerk shall file together and carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding."

Under this section it was the duty of the clerk when the bill of exceptions was filed

with him on July 12th to file the same with the other papers in the case and to carefully preserve in his office the said bill of exceptions, and it is the clear intent of this section as applied to the bill of exceptions, that the same upon filing, as provided by §11565 GC, shall be carefully preserved in the clerk's office and not withdrawn or removed therefrom so that it may be available at the clerk's office for the purpose prescribed in §§11565, 11566, GC.

The custom referred to above is in contravention of the express provisions of said §2875 GC and is without any authority whatever in law and therefore cannot be considered as an excuse or justification for the withdrawal of papers from the clerk's office and the retention of the same by counsel.

In the instant case, on account of the withdrawal and retention of the bill of exceptions by the attorney for plaintiff-appellant such bill of exceptions was not available to the attorney for defendant-appellee at the clerk's office for the purpose of filing objections and amendments thereto for the correction thereof within the time limited by §11565, GC, and was not available to the clerk in his office for transmission to the trial judge as provided in said section, and was not at any time available to the trial judge for the purpose of correction, allowance, signing and transmission as provided by §11566, GC.

In the case of Pugh v State ex, 51 Oh St at page 116, it was held:

"The proviso of §5302 Revised Statutes (89 Ohio Laws 125) 'that where exceptions are not allowed and signed during the progress of the trial, the party excepting shall submit the bill to opposite counsel for examination not less than ten days before the expiration of said fifty days,' is intended as a condition to the power of the trial judge to sign a bill of exceptions within the fifty days mentioned in §§5298, 5301 and 5302, and where the condition is not complied with, it is the duty of such judge, unless consent of opposite counsel be given, to refuse to sign and allow the bill."

While under the provisions of §§11564, 11565 and 11566, GC, the party excepting is not required to submit the bill of exceptions to opposite counsel for examination not less than ten days before the expiration of fifty days, he is required to file the bill in the trial court within forty days and the clerk is required forthwith to give notice to the adverse party or his attorney of its filing, and within ten days after such notice any adverse party may file in the cause any objection or amendment he proposes to such bill for its correction; and on the expiration of the time fixed for the filing of objection or amendment by the adverse party, or within five days thereafter or immediately on the filing of the bill if the consent of the adverse party to such transmission be indorsed thereon it is the duty of the clerk to transmit it together with all objections and amendments, filed thereto to the trial judge or judges. And it is the duty of the trial judge or judges, upon receipt of the bill, to indorse thereon the date it was received, and within five days thereafter to correct it, if necessary, allow and sign such bill, and immediately transmit or cause it to be transmitted to the office of the clerk from whom it was received, with any amendments or objections thereto; and the reasoning upon which the conclusion in the case of Pugh v State ex, supra, was reached is in every way applicable to the present statutory provisions with reference to bills of exceptions.

Applying this reasoning to the facts in the case at bar, it is the duty of the trial judge to refuse to allow the bill by reason of the attorney for plaintiff-appellant by his own act making the bill unavailable to the attorney for defendant-appellee for the filing of objections and amendments thereto within the time limited by statute; unavailable to the clerk for transmission of the same, together with any objections and amendments thereto, to the trial judge within the time limited by statute, and unavailable to the trial judge for correction, allowance, signing and transmission within the time limited by statute; particularly in view of the fact that the attorney for plaintiff-appellant by filing the same in the Court of Appeals on July 23rd made it thenceforth unavailable in the trial court for any of the purposes mentioned.

This view is supported by the decision in the case of State ex Prudential Insurance Co. of America v Price, 45 Oh Ap 209, (15 Abs 96), in which it is held that:

"Excepting party must not only file bill of exceptions within 40-day period, but must also refrain from doing any act that would make bill unavailable to opponent."

and that

"Where excepting party by taking bill

of exceptions from files within hour after filing, made it impossible for court to perform duty within statutory time, excepting party could not, by mandamus, compel court to sign and allow bill of exceptions."

However, it is contended by the plaintiff-appellant that as under the decisions in the cases of **Traction Company v Ruthman**, 85 Oh St 62, **Pace v Volk**, 85 Oh St 413, and **Porter v Roher**, 95 Oh St 90, rendered prior to the amendment of §11564, GC, 116 O. L. 104, the filing of a bill of exceptions within forty days after overruling of the motion for new trial, was mandatory, but the performance of the ministerial duties of the clerk and trial judge after proper filing were directory as to time, that this court may in its discretion order the bill of exceptions returned to the clerk of the Common Pleas Court for the purpose of making it available to the adverse party for the filing of any objection or amendment he proposes to such bill for its correction within ten days after the refiling thereof with the clerk; and on the expiration of such ten day period, or within five days thereafter, for transmission by the clerk, with all objections and amendments filed thereto, to the trial judge and for the purpose of making it available to the trial judge, within five days after the receipt of same for correction if necessary, and the allowance, signing and transmission of such bill to the office of the clerk from whom it was received, with any objections or amendments thereto; notwithstanding the expiration of the statutory periods in which such acts are directed to be done.

An examination of the cases mentioned discloses that the bills of exceptions involved therein were fully completed and allowed in the trial court prior to the filing of the same in the reviewing court, except that in the first case the trial judge had failed to sign the bill after allowance by him, and that while such bills had not been allowed within the time directed by statute, the excepting party had in each case performed the statutory duty required of him relating to the preparation, filing and perfection of the bill of exceptions and the decision in each case that the bill of exceptions had been erroneously stricken from the files is based on the fact that it was through no fault of the excepting party that the bill had been allowed and signed after the expiration of the period prescribed by statute. These cases have no application to the facts in the case at bar for the reason that the bill in the case at bar was not, before filing in this court, allowed by the trial judge and its non-availability to the adverse party for objection or amendment, and to the clerk for transmission to the trial judge and the trial judge for correction, allowance, signature and transmission, and its non-allowance within the periods directed by statute were all caused by the act and default of the plaintiff-appellant, so that this contention of plaintiff-appellant is without merit.

It is further contended by plaintiff-appellant that the various things required to be done under the provisions of §§11564, 11565 and 11566 GC are steps required to be taken subsequent to the perfection of the appeal, and that under the provisions of §12223-4, GC, which became effective January 1, 1936, that "no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional" the various acts required to be done under said sections are not jurisdictional discretion is vested in this court to grant the motion of the appellant.

It was held in the case of **Boone v State**, 109 Oh St page 1, at page 7, that §11564, GC, applies to trial courts only, and the reasoning upon which this holding is based is applicable to §§11565 and 11566 GC.

As the provisions of §§11564, 11565 and 11566 GC relate to procedure in trial court, in completing the record the requirements provided for therein are not steps required to be taken subsequent to the perfection of the appeal. **The Brainard Investment Company, Limited, appellee v F. H. L. Corporation, appellant,** 55 Oh Ap page 127, (24 Abs 39) Ohio Bar, June 7, 1937.

Sec 12223-4 GC by the terms of the Act of which it is a part relates solely to appellate procedure. Under its terms an appeal on questions of law is perfected by the filing of notice of appeal in the trial court. When thus perfected an appeal on questions of law is complete without reference to whether a bill of exceptions is perfected or filed. If a bill of exceptions is perfected and filed the case is reviewed on the entire record including the bill of exceptions, and if a bill of exceptions is not perfected and filed is reviewed on the record presented without a bill of exceptions.

As the provisions of §12223-4 GC have no application to the requirements of §§11564, 11565 and 11566, GC, this contention of the appellant is also without merit.

In this state of the law it would be a vain thing to allow plaintiff-appellant's motion for an order to return the bill of exceptions filed in this court,  to the Court of Common Pleas for the purpose of permitting the trial court to allow and sign the bill of exceptions, as it would be the duty of the trial court to refuse to allow or sign the bill of exceptions, and consequently this motion will be overruled.

2. Turning now to the consideration of appellant's motion for an order granting leave to appellant to attach to the bill of exceptions filed in this court, the certificate of the official court reporter, in conformity with the provisions of §11571, GC, said section contemplates the attachment of said certificate at the time the bill of exceptions is originally filed in the trial court and makes no provision for the attachment of such certificate subsequent to such filing and consequently this court is without authority in law to grant said motion and the same will be overruled.

3. Following and applying the reasoning in the cases of Pugh v State ex, and State ex Prudential Ins. Co. of America v Price, supra, the motion of appellee to strike the bill of exceptions from the files will be allowed for the reasons that the attorney for plaintiff-appellant by his own act made the bill of exceptions unavailable to the appellee for examination and the preparation and filing of objections and/or amendments thereto, and unavailable to the clerk for transmission to the trial judge, and unavailable to the trial judge for settlement and signature within the periods limited by statute therefor, and for the further reason that as filed in this court it does not bear the certificate of the official court reporter or of the trial judge.

CROW and KLINGER, JJ, concur.