IN RE ESTATE OF STEVENSON.

(No. 3918—Decided July 10, 1946.)

*Mr. R. W. Kilbourne,* for appellee.
*Mr. C. Russell Younger* and *Mr. Harry L. Margulis,* for appellants.

By THE COURT. This is a motion submitted by Everett O. Newman, appellee, to dismiss the appeal for the following reasons:

1. That the appellants, the executors of the estate of Mae Stevenson, deceased, have failed to file their assignments of error and briefs.

2. The proceeding and judgment below are not appealable on questions of law and fact.

3. Appellants have failed to provide an appeal bond.

4. No valid reason exists to hold this appeal as an appeal on questions of law.

5. To strike from the files the bill of exceptions for failure to give notice to opposing counsel.

The action originated in the Probate Court of Franklin county, Ohio, upon the exceptions filed by Everett O. Newman to the inventory of the estate of Mae Stevenson and the action was contested by the executors of the estate. The Probate Court sustained the exceptions as to certain personal property, to which ruling the executors have filed this appeal on questions of law and fact.

As the first and second grounds of the motion are closely related we shall consider them together. The appellee contends that the appellants have failed to file their assignments of error and briefs within the time required under Rule VII of this court. However, Rule VII is not applicable to appeals on questions of law and fact, but is limited to appeals on questions of law.

We find that the second ground of the motion is well taken and that this appeal is not permissible on questions of law and fact. That this proceeding is not a chancery case was definitely decided in the case of *In re Estate of Gurnea*, 111 Ohio St., 715, 146 N. E., 308, where the court held that probate matters have lost their chancery character in Ohio, and that such proceedings are not now chancery cases as that term is

used in the Constitution. That decision was followed in *Squire, Supt.,* v. *Bates,* 132 Ohio St., 161, 5 N. E. (2d), 690.

With reference to the third ground of the motion which relates to the failure of the appellants to provide an appeal bond, the record discloses that on July 17, 1945, a bond in the sum of $25,000 was filed with the American Surety Company of New York as surety, and that bond was approved by the court on the same date. The giving of that bond eliminated the necessity of the executors filing an appeal bond. Section 12223-12, General Code, provides as follows:

"The following shall not be required to give bond mentioned in Section 12223-9:

"(a) Executors * * * acting in their respective trust capacities, who have given bond in this state, with surety according to law * * *."

Section 12223-6, General Code, provides:

"Except as provided in Section 12223-12, no appeal shall be effective as an appeal upon questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond be filed at the time the notice of appeal is required to be filed."

The appellee contends that since the will of Mae Stevenson, deceased, provided that no bond be required of the executors, the $25,000 bond which was approved by the court was not given "according to law," as provided in Section 12223-12, General Code. In construing the provision of that section—"who have given bond in this state, with surety according to law"— we are of the opinion that the words "according to law" apply to the word "surety" immediately preceding, and have no application to any other part of the section. Since a $25,000 bond was given and approved

by the court, we are of the opinion that no further bond was necessary to perfect this appeal.

Section 12223-22, General Code, provides a valid reason why this appeal should be held on questions of law. That section provides:

"Appeals on questions of law and fact may be taken: * * *

"(2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

Also, Section 11564, General Code, provides:

"* * *, whenever an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, * * * the Court of Appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions."

A bill of exceptions has been filed in this court, but counsel for the appellee urges that he was not notified that the bill of exceptions had been filed in the Probate Court and did not know of its approval by the Probate Judge or the filing in the Court of Appeals.

Under Section 11565, General Code, counsel for the appellee was entitled to this notice, as that section provides:

"On the filing of such bill of exceptions, the clerk forthwith shall notify the adverse party, or his attorney, of its filing."

"Duties of clerk and trial court in respect to perfecting bill of exceptions are merely directory and ministerial in character when excepting party has performed statutory duty required of him." *State, ex*

*rel. Prudential Ins. Co. of America,* v. *Price,* 45 Ohio App., 209, 186 N. E., 885.

Under the provisions mentioned in Section 11564, General Code, we are granting the appellants 30 days from the date of the filing of this entry for the refiling of the bill of exceptions, should they so desire, and also for the assignment of errors and brief. Should the appellee be not satisfied with the bill of exceptions it cannot be corrected by this court, but it may on motion be remanded to the trial court for a diminution of the record.

The motion is sustained as indicated.

*Judgment accordingly.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.