STATE ex rel. MACK v. O'CONNOR, Judge.

Ohio Appeals, Sixth District, Lucas County.

Decided November 28, 1949.

Lamb, Goerlich & Mack, Toledo, for relator.
Joel S. Rhinefort, Pros. Atty., Harry Friberg, Toledo, for respondent.

## OPINION

By FESS, J.

The question for determination arises upon a demurrer to an answer to a petition in mandamus.

Relator petitions this court for a writ of mandamus seeking to require the respondent to allow and sign a bill of exceptions presented by relator, or to correct the same, and allow it as a part of a record in another action from which relator has taken an appeal.

The petition recites in part that, after a hearing, judgment was rendered by respondent on October 28, 1948, overruling relator's motion to vacate judgments rendered by respondent on July 23, 1948, in an action for alimony and child support; that no reporter was present at the hearing on relator's motion held on October 18, 1948; that relator filed his notice of appeal on November 8, 1948; that on December 7, 1948, a short narrative form of bill of exceptions was duly filed; that no exceptions were filed thereto by opposing counsel and on December 18, 1948, such bill was presented to respondent for allowance; and that on January 6, 1949, respondent re-

turned the bill to the clerk with the endorsement, "Disapproved." The petition further relates that respondent did not allow the bill, did not consult relator, gave no notice of changes made therein, and indicated no reason for making such changes.

For his answer, respondent states in part that at the April 1948 term a hearing was had and a judgment rendered against relator on July 23, 1948; that on September 30, 1948, relator filed a motion to vacate such judgment entered on July 23, 1948; that at the hearing held October 18, 1948, the motion was argued by counsel and submitted to the court without evidence; that on December 7, 1948, relator filed a statement in narrative form purporting to be "the facts" in the case, accompanied by an affidavit of relator's counsel and excerpts from the rules of the Common Pleas Court; and that on January 6, 1949, relator returned the purported bill to the clerk with the words, "all of which is accordingly done this — day of December, 1948," and the word, "approved," deleted and with the word, "disapproved," inserted in lieu thereof.

Respondent states further that the purported bill was not in truth a bill of exceptions because the matters therein related as facts were not the facts presented to the court and that at the hearing no evidence of any kind was offered by either party; that the affidavit of relator's counsel was not filed or submitted to the court at the hearing; and that with the foregoing matters eliminated from the bill, no bill of exceptions remained which respondent could allow.

Relator demurs to the answer, which raises the troublesome question of the duty of a trial court incident to the allowance of a bill of exceptions.

State ex rel. John Gill & Sons Co., v. Baer, Judge, 8 Oh Ap 184, decided in 1917, holds that the trial judge is not required to prepare a bill of exceptions for counsel and is obligated only to sign a "true" bill, or, when objections or amendments are filed, to correct the bill, and that the decision of the judge that the bill tendered is untrue is conclusive and final. In that case it appears that the trial court properly found that the bill presented was not a true bill, but offered to help counsel prepare a proper bill and in his answer offered to sign any "true" bill presented. The case was decided upon authority of State ex rel. Atkins v. Todd et al., Judges, 4 Ohio 351; Ex parte Bradstreet, 4 Pet. 102, 29 U. S. 102, 7 L. Ed. 796; Creager v. Meeker, 22 Oh St 207; and Shepard v. Peyton, Judge, 12 Kan. 616.

In Beebe, Judge, v. State ex rel. Starr Piano Co., 1922, 106 Oh St 75, 139 N. E. 156, the Supreme Court held that it is not only the duty of the court to allow and sign a correct bill

but likewise its duty to correct errors therein, and upon refusal so to do mandamus may issue. In that case the Court of Appeals sustained a demurrer to the answer and ordered the defendant to correct, and thereafter, as corrected, to settle and allow the bill, and, if necessary to that end, to call to its aid the advices of counsel and the stenographer who had acted as reporter.

In State ex rel. Adams v. Weygandt, Judge, 1930, 35 Oh Ap 433, 172 N. E. 543, 544, the court held that the trial judge, finding that the bill was not a true bill and could not be corrected, properly required a complete transcript of the testimony to be attached to the bill. In that case the court found that the bill was not a true bill and that corrections could not be made except by the court undertaking to prepare a new bill of the trial which consumed three days, and therefore disallowed it. In the answer, respondent averred that when a full transcript was presented he would allow it. In the opinion, written by Judge Richards, it is stated: "We do not understand that a fair interpretation of this section [§11566 GC] requires the trial judge to personally make the correction, but it manifestly was his duty, if the bill could reasonably be corrected, to indicate to counsel the corrections that should be made in order to make the bill a true bill."

In State ex rel. Prudential Ins. Co. v. Price, 1933, 45 Oh Ap 209, 186 N. E. 885, the court held that it not being charged or proved that the trial court abused its discretion in finding the bill was not a true bill, the Court of Appeals must assume the trial court's conclusion to be true. But the decision in that case primarily turned on the fact that relator by his conduct had prevented the court from allowing the bill within time.

In a per curiam opinion in State ex rel. Eges v. Corlett, 1940, 137 Oh St 19, 27 N. E. 2d 930, the Supreme Court said:

"He [the trial court] is required only to make corrections in the bill of exceptions presented. It is not incumbent upon the trial judge to assume the burden and responsibility of making a bill of exceptions for an appellant.

\* \* \* \*

"But it is clearly disclosed by the pleadings that the bill of exceptions presented does not contain all of the evidence received and is therefore not a complete bill of exceptions. A trial judge will not be directed by a writ of mandamus to procure and supply the testimony and exhibits essential to meet the requirements of a complete bill of exceptions.

"This case is clearly distinguishable upon the facts from the case of Beebe, Judge, v. State ex rel. Starr Piano Co., 106 Oh St 75, 139 N. E. 156."

In an effort to harmonize the Corlett and Beebe cases, supra;

**324**

we hold that a court can not be directed to prepare or complete a bill of exceptions in case a correct bill is not presented, but that it is its duty in such event to confer with counsel in an effort to secure a correct and proper true bill of exceptions. The answer in the instant case avers that the bill presented was not a true bill, but it fails to allege that the aid of counsel was sought and that upon presentation of a true bill of exceptions the respondent will allow and sign the same. The demurrer is therefore sustained, with leave to respondent to file an amended answer within two weeks.

Demurrer sustained.

CONN and CARPENTER, JJ, concur.