SMITH, APPELLEE, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLANTS.

(No. 548—Decided December 20, 1958.)

464

*Mr. William Saxbe*, attorney general, and *Mr. Robert M. Duncan*, for appellant.

*Messrs. Rowland, Bridgewater & Gray*, for appellee.

COLLIER, P. J. This cause originated in the Common Pleas Court of Athens County as an appeal from a decision of the Industrial Commission of Ohio denying the appellee the right to participate under the provisions of the Workmen's Compensation Act. After a trial by jury, a verdict in favor of the plaintiff was returned, the motion for a new trial was overruled and judgment was rendered on the verdict.

The first question requiring our attention is a ruling on the motion filed by the appellee to strike the bill of exceptions from the file. On September 24, 1958, this cause was submitted on oral arguments and briefs to this court on its merits. On November 14, 1958, plaintiff, appellee herein, filed a motion to strike the bill of exceptions from the file for the reason the appellee had not been notified by the clerk of courts of the filing of the bill of exceptions in the trial court as provided by Section 2321.06, Revised Code, and that the trial judge had not allowed the bill, that the bill had been filed in the Court of Appeals two days after it had been filed in the trial court and that appellants' counsel had been permitted to withdraw the bill from the file, depriving counsel for the appellee of the right to file objections and amendments to the bill, all in violation of Sections 2321.06 and 2321.07, Revised Code.

An examination of the record shows that the bill was filed with the clerk of the trial court on May 27, 1958, within proper time after the overruling of the motion for a new trial; that on the same day the trial judge acknowledged receiving the bill; that on May 29, 1958, it was filed in the Court of Appeals; that the bill remained in the possession of the clerk until about June 20, 1958, when, with permission of the court, the clerk allowed counsel for appellant to withdraw the bill in order to prepare assignments of error and brief; that the bill was returned to the clerk about July 17, 1958; and that the bill was never approved or allowed by the trial judge, but was authenticated by the cer-

tificate of the official court reporter as provided by Section 2321.12, Revised Code.

There is nothing in the record to indicate that appellants' counsel is responsible for the noncompliance with the statutes prescribing the duties of the clerk as to giving notice to the adverse party or his counsel of the filing of the bill of exceptions. Obviously, such omission resulted entirely from the failure of the clerk to perform a ministerial duty enjoined by statute. This fact clearly distinguishes this case from *Ohio Farmers Cooperative Milk Assn.* v. *Davis*, 59 Ohio App., 329, 17 N. E. (2d), 924, cited and relied upon by the appellee, in which the bill was ordered stricken because counsel for the appellant withdrew the bill from the file immediately after it was filed and kept it in his possession until the statutory time had expired to correct and allow the bill.

It has long been the established rule in Ohio that a litigant will not be permitted to suffer detriment by reason of negligence of an officer in the performance of a public duty when the litigant has done everything that the law requires of him. *Cincinnati Traction Co.* v. *Ruthman*, 85 Ohio St., 62, 96 N. E., 1019. In the case of *In re Estate of Stevenson*, 79 Ohio App., 413, 69 N. E. (2d), 424, where counsel for the appellee was not notified that the bill of exceptions had been filed, approved by the trial court and filed in the Court of Appeals, it was held that under Section 11565, General Code, now Section 2321.06, Revised Code, opposing counsel was clearly entitled to such notice, and in that case the appellant was allowed 30 days to refile the bill and thus give opposing counsel the opportunity to file objections. Since it is not claimed in the instant case that the bill is not a correct one, and it is authenticated by the certificate of the official court reporter, we do not consider such action necessary.

Our attention has been called to a similar, but unreported, case, *State* v. *McClintock*, from the Fifth Appellate District, in which the same disposition was made of the motion to strike the bill of exceptions from the file. We concur with the conclusions reached in the *Stevenson* and *McClintock cases*. The motion is overruled.

The assignments of error will be considered in the order stated in appellants' brief.

The first assignment of error is that the trial court erred in refusing to allow the defendant on cross-examination to question plaintiff regarding injuries he sustained subsequent to October 27, 1944, the date of the alleged injury upon which plaintiff bases his right to participate in the State Insurance Fund. It appears that the plaintiff had sustained three different industrial injuries subsequent to the injury alleged in the petition but prior to the development of his present alleged disability, and that he had received full compensation for each of these injuries. Before trial, in a conference between the trial judge and counsel, the question of the admissibility of evidence regarding these subsequent injuries was discussed. Upon the statement of counsel for defendant that he had no evidence to adduce showing causal connection between the subsequent injuries and the alleged disability, the trial court refused to permit any cross-examination relating thereto, on the ground of irrelevancy.

Plaintiff in his petition alleges that on October 27, 1944, while in the employment of the New York Coal Company in Athens County, he slipped off a coal tipple and sustained a crushing injury to his left foot and ankle, and that on September 15, 1955, as a result of this injury, he developed a heart lesion which has caused him to be totally disabled since that time. This allegation is denied in the answer, and it is readily seen that the only issue in this case for the jury to determine is whether there is a causal connection between the claimed present disability and the injury sustained on October 27, 1944.

The question to be determined on this assignment of error is:

On this issue, is evidence regarding such subsequent injuries relevant to the issue and, if so, is evidence showing a causal connection between such subsequent injuries and the alleged disability necessary, as a condition precedent to defendant's right to cross-examine plaintiff in regard thereto?

The burden of proof is on the plaintiff to show by a preponderance of the evidence that the alleged heart lesion suffered by the plaintiff on September 15, 1955, resulted directly and proximately from the injury sustained on October 27, 1944, in a natural and continuous sequence, unbroken by any new and independant cause. *Aiken* v. *Industrial Commission*, 143 Ohio

St., 113, 53 N. E. (2d), 1018. The Supreme Court of Ohio in *Barnett* v. *State*, 104 Ohio St., 298, 135 N. E., 647, at page 306, says, "any fact that makes more probable or less probable, where the probabilities are in question, renders such fact relevant." See, 21 Ohio Jurisprudence (2d), 185, *et seq.*, Section 173, and 20 American Jurisprudence, 238, Section 245, for a full discussion of "relevant evidence."

In our opinion, any evidence tending to shed any light on the physical changes in plaintiff's body between October 27, 1944, and September 15, 1955, is relevant to the issue and admissible to disprove the affirmative allegation of the plaintiff that as a direct and proximate result of the injury sustained in 1944 he suffered the heart lesion in 1955.

We know of no rule of evidence which would require the defendant, as a condition precedent to the right to cross-examine the plaintiff, to announce that he intended to adduce evidence showing a causal connection between the three subsequent injuries and the alleged disability. A party cross-examining is entitled to the benefit of answers elicited on cross-examination even to the extent of defeating plaintiff's claim. 5 Jones Commentaries on Evidence, 4584, Section 2342. In *Fahey* v. *Clark*, 125 Conn., 44, 3 A. (2d), 313, 120 A. L. R., 517, the headnote as reported in A. L. R. reads:

"The trial court may not require counsel for defendant in a personal injury action, who is seeking to elicit from plaintiff on cross-examination information concerning the character and seriousness of injuries sustained in a former accident, to claim, as a condition of the right to pursue the cross-examination, that defendant's present physical condition is in part the result of the prior accident."

For an annotation of this question, see 120 A. L. R., 520. There is no reason why this rule should not apply to subsequent as well as prior injuries. In our system of jurisprudence, the right of cross-examination is an important one to test the accuracy, truthfulness and credibility of testimony and to elicit suppressed facts which may weaken or qualify the cause of the opposing party. The denial of such right to cross-examine the plaintiff regarding injuries sustained subsequent to the alleged injury on October 27, 1944, and prior to the alleged develop-

ment of the present disability of September 15, 1955, is reversible error.

Under the second assignment of error, defendant claims the trial court erred in overruling defendant's objection to the hypothetical question asked Dr. Oser, for the reason that the question contained material matter not in evidence. This witness was asked to assume that the plaintiff had "a condition which was apparently diagnosed as phlebitis," and there was no testimony that any such diagnosis had been made. It is true that particular term, "phlebitis," had not been used, but the record does contain testimony showing swelling and inflamation of the foot and leg. We do not consider this variance of sufficient consequence to amount to reversible error.

The third assignment of error is that the trial court erred in overruling defendant's motion to exclude Dr. Oser's opinion and the reason for the opinion. Dr. Oser, in answer to a long and involved hypothetical question, stated that in his opinion, there was a direct causal connection between the injury sustained by the plaintiff October 27, 1944, and the development of the heart lesion September 15, 1955, and when asked to give the reason for his answer said: "He had a severe blow to his left lower extremity which, to the best of my knowledge, aggravated and accentuated and also accelerated *probably* some underlying disease. It is not my impression, of course, that the vascular disease was caused by the blow, but I don't think there is any doubt about the fact that there was an aggravation, accentuation, and a marked increase in symtoms from the injury before, from the injury * * *." (Emphasis added.)

Two observations should be made at this point: First, that plaintiff's right to participate in the Workmen's Compensation Fund is not based on a pre-existing condition, but on the allegation in the petition that as a result of the effects of the injury sustained on October 27, 1944, he developed a heart lesion. And, second, Dr. Oser in the statement of the hypothetical question was asked to "assume that previous to October 27, 1944, he [plaintiff] had been in apparent good health."

On cross-examination Dr. Oser testified as follows:

"Q. You have no evidence that this condition pre-existed the October 27th, 1944, injury, do you sir? A. Do I know that it did not exist?

"Q. Do you have any evidence of the fact? A. No, sir, just what he tells me."

In *Ackerman* v. *Industrial Commission*, 131 Ohio St., 371, 3 N. E. (2d), 44, it is held in the second paragraph of the syllabus:

"2. Unless and until it is shown that the diseased condition existed at the time of injury, all testimony tendered for the purpose of showing acceleration of a diseased condition is incompetent and should be excluded."

And, in *Burens* v. *Industrial Commission*, 162 Ohio St., 549, 124 N. E. (2d), 724, the first paragraph of the syllabus reads:

"The hypothesis upon which an expert witness is asked to state an opinion must be based upon facts within the witness' own personal knowledge or upon facts shown by other evidence."

See, also, *Olsen* v. *Electric-Auto Light Co.*, 164 Ohio St., 283, 130 N. E. (2d), 363. In the instant case, the witness's answer was not based upon either his own knowledge or other proved facts, but upon his own assumption that "probably some underlying vascular disease" was "aggravated and accentuated and also accelerated." On these authorities the trial court clearly committed error in not excluding the opinion stated by Dr. Oser.

Under assignment of error number four, the defendant urges that the trial court erred in excluding the testimony of Dr. Oser taken by way of deposition on objection at the trial when no objection was made at the taking of the deposition.

As a general proposition objections to the form of the questions and answers should always be made at the time a deposition is taken, in order to give the opposing party an opportunity to correct the vice and, if not then made, cannot be urged on the trial. But objections to the competency or relevancy of such evidence may be made at any stage of the trial. Section 2319.29, Revised Code, provides: "No exception to a deposition other than for incompetency or irrelevancy shall be regarded unless it is made and filed before the commencement of the trial." See 17 Ohio Jurisprudence (2d), 302, Section 63 *et seq.* The record shows that the questions asked and answers given by Dr. Oser were excluded on the theory that this testimony, since it related to the injuries sustained by the plaintiff subsequent to the date of the alleged injury and prior to the alleged disability,

was irrelevant to the issue. We have considered the relevancy of this testimony under assignment of error number one and hold that it is relevant to the issue and admissible. However, there is no merit in appellants' contention that the question of its relevancy may not be raised for the first time at the trial.

For the fifth assignment of error, the defendant claims the court erred in admitting hearsay testimony over the objection of the defendant. Plaintiff's wife was permitted to answer leading questions to the effect that she had heard plaintiff complain of pain in his chest. The admission of this testimony violates the fundamental basis of the hearsay rule. The wife's testimony in this regard should be confined to her own observation of the physical condition of her husband. The statements made by him to his wife, amounting to self-serving declarations, were not admissible. This assignment of error is well taken.

Under the reasoning and conclusions above set forth, the judgment is reversed and the cause remanded for further proceedings in accordance with law.

*Judgment reversed and cause remanded for a new trial.*

GILLEN and RADCLIFF, JJ., concur.