Shrewsberry, Appellant, *v.* Wilson, Appellee; Fruit Belt Motor Service, Inc., Appellee.

(No. 156—Decided December 5, 1960.)

*Messrs. Frayne & Balzer*, for appellant.
*Messrs. Durfey, Martin, Browne & Hull* and *Mr. Robin R. Freeman*, for appellees.

Kerns, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Champaign County.

The plaintiff filed a petition against the named defendants, praying for damages for personal injuries resulting from a collision between an automobile being driven by the plaintiff and a tractor-trailer truck allegedly being driven by the defendants. Twenty interrogatories were annexed to the petition, seventeen

of which were directed to the corporate defendant and three of which were directed to the individual defendant.

The petition is framed as though there was multiple operation of the tractor-trailer truck at the time of the collision. Specifically, the petition alleges that the defendants "were operating their tractor-trailer truck," "drove their tractor-trailer truck," and "applied their brakes on said tractor-trailer truck." There are no facts alleged in the petition which might disclose the legal relationship of the defendants.

The defendants therefore moved that the plaintiff be required to make the petition definite and certain by setting forth the acts of each of the defendants which constituted the operating of the tractor-trailer truck, and demurred to each and every interrogatory attached to plaintiff's petition.

The disposition of the motion and the demurrer is set forth in the judgment entry as follows:

"The court further finds that defendant's motion to make definite and certain is well made and the same is herewith sustained.

"The matter further having been submitted to the court on the demurrer of the defendant to interrogatories of the plaintiff attached to the plaintiff's petition and the court having examined said interrogatories and pleadings, memoranda of counsel and heard the oral arguments of counsel thereon finds that on the present basis of the petition the demurrer to all of the interrogatories should be and the same is herewith sustained.

"To all of which rulings the plaintiff and the defendant by their respective counsel duly except.

"Plaintiff refusing to plead further, this cause is hereby dismissed without prejudice."

Adverting to the decision of the trial court for the sole purpose of clarifying the judgment entry, we find the following language:

"Until it appears by some allegation that the defendants are properly joined, and that a corporation and an individual can by some sort of mythical co-operation and simultaneous concert of action physically control the course and behavior of a motor vehicle, it would seem to the court that the submission of interrogatories would be premature.

"If defendants are not properly joined, nor both liable, then one or the other can only be a witness, and since interrogatories are not a substitute for depositions the demurrer should be sustained. It is so ordered."

The record presents two questions.

1. Did the trial court err in sustaining the defendants' motion to make definite and certain by setting forth acts of each defendant which constituted operation of the tractor-trailer truck?

2. Did the trial court err in sustaining defendants' demurrer to each and every interrogatory annexed to plaintiff's petition?

With reference to the first question, the plaintiff relies heavily upon the case of *Davis* v. *Montei*, 38 Ohio Law Abs., 147, 49 N. E. (2d), 584. That case, however, is readily distinguishable on its facts from this case as disclosed by the following language therefrom, at page 150:

"We are inclined to think that it is incorrect to say that only one person can operate a car. We can agree that this would be the correct method of operation, but it is physically possible for more than one to participate in the operation. For obvious reasons we refrain from giving examples of how two, three or four persons might all be actually participating in the physical operation of the automobile. These very acts of multiple participation would probably be negligence within themselves. The detail of alleging which one performed the various acts which constituted the operation, would be evidential. We will venture the guess that plaintiff would probably find it impossible to produce the evidence supporting his allegations of multiple operation, but as a matter of pleading we do not think it defective, particularly when we find that such a situation is possible."

But where, as here, one of the two named defendants is a corporation, the multiple operation of the tractor-trailer truck was clearly beyond the realm of possibility.

On what theory then is the plaintiff proceeding? Does the plaintiff hold both defendants primarily liable for independent, coexisting acts of negligence resulting in the alleged injuries, or is the petition demurrable because the corporate

defendant is only secondarily liable? The fact that answers to these questions are not readily available by reference to the allegations contained in the plaintiff's petition serves to accentuate its defectiveness.

When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge is not apparent, the court may require the pleading to be made definite and certain by amendment. Section 2309.34, Revised Code. In exercising the discretion afforded by this statute, we are of the opinion that the trial court had ample justification here for sustaining the defendants' motion to make definite and certain.

With reference to the second question presented, the trial court sustained demurrers to all the interrogatories annexed to the plaintiff's petition. In explaining this action, the defendants' brief states as follows:

"The court did not pass upon the merits of the individual interrogatories but stated in the decision and in the entry that the demurrers to the interrogatories were sustained at this time due to the condition of the pleadings. This was not in any manner a final order that prevented the plaintiff-appellant from amending the petition or in any manner preventing the judgment prayed for by the plaintiff. The right to amend the petition was available to the plaintiff and when the petition was in form acceptable to the court as being a proper pleading the specific demurrers to interrogatories could then be considered."

We agree that this explanation is a fair representation of what the record shows, but we are unable to find any authority to support such procedure. Nor in our opinion can the use of interrogatories be so restricted. The fact that the pleading was subject to a motion to make definite and certain did not relieve the trial court of the duty to consider each interrogatory. In fact, some of the information sought thereby was peculiarly within the knowledge of the defendants and was essential in order to make the petition definite and certain. Nothing was to be accomplished by silence except delay. It has been held that the primary purpose of interrogatories appended to a pleading and required to be answered by an opposite party is to enable the interrogating party to properly plead his cause. *Schuldt* v. *Associates Investment Co.,* 61 Ohio App., 213, 22 N. E. (2d), 572.

Section 2309.43, Revised Code, provides:

"A party may annex to his pleading, other than a demurrer, interrogatories pertinent to the issue made in the pleadings, which interrogatories, if not demurred to, shall be plainly and fully answered under oath by the party to whom they are propounded, or if such party is a corporation, by the president, secretary, or other officer thereof, as the party propounding requires."

As may be noted therefrom, a "perfect" pleading is not a condition precedent to the consideration of interrogatories. Nor do we find that the instant pleading is such as might warrant a blanket disposition of the interrogatories. The sole test upon demurrer is whether the interrogatories are "pertinent to the issue made in the pleadings." The trial court should, therefore, have applied this test to the interrogatories individually and ruled on each accordingly. In our opinion, its failure to do so constitutes prejudicial error.

Accordingly, the judgment will be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

WISEMAN, P. J., and CRAWFORD, J., concur.