HUNDEMER, APPELLANT, *v.* SISTERS OF CHARITY OF
CINCINNATI, INC., ET AL., APPELLEES.

[Cite as Hundemer v. Sisters of Charity (1969),
22 Ohio App. 2d 119.]

(No. 10775—Decided August 4, 1969.)

*Messrs. Kelley, Grossheim & Bavely,* for appellant.

*Messrs. Bloom, Greene, Thurman & Uible,* for appellees Sisters of Charity of Cincinnati, Inc., and others.

*Messrs. Rendigs, Fry, Kiely & Dennis,* for appellee Dr. John Fisher.

HUNSICKER, P. J. Lawrence Hundemer was a patient in Good Samaritan Hospital in Cincinnati, which was operated by Sisters of Charity of Cincinnati, Inc., where he was recuperating from surgery. On the morning of November 19, 1963, at about 3:30 a. m., he was found to be in a state of shock. Under advice of a physician, a drug known as Levophed, a vasoconstrictor, was administered by intravenous infusion. The drug was added to a quantity of glucose and water and, thus, was given to Mr. Hundemer. During the course of this infusion, it was found to have infiltrated his arm, resulting eventually in a sloughing of the skin of the arm. New skin was, subsequently, grafted onto the arm from other parts of the body of Mr. Hundemer.

An action was commenced by Mr. Hundemer against the hospital, the resident physician, two nurses, and a urology specialist, Dr. John Fisher. At a trial in the Court of Common Pleas, when the plaintiff had rested, there was a motion for a directed verdict, which the trial judge denied. Thereafter, defense counsel introduced the second-amended petition filed by Mr. Hundemer; had it marked as Exhibit 15; and rested the defense. At the conclusion of all the evidence, defense counsel again moved to arrest the evidence from the jury and to direct a verdict in favor of the defendants. The trial judge granted the motion in behalf of all defendants.

The cause is now lodged in this court as an appeal on questions of law.

Appellant assigns as error that:

"1. The court sustained demurrers to interrogatories annexed to the original petition * * *.

"2. The court failed to resolve exceptions to deposition prior to trial upon motion timely made.

"3. The court demanded expert testimony where the

law requires none concerning the use of the drug, levophed.

"4. Having demanded expert testimony concerning the use of the drug, levophed, the court then refused to permit plaintiff's expert to testify as to the nature of levophed and its proper administration or as to her opinion of the causal relation between the injury and the acts complained of as being negligence.

"5. The court weighed the evidence in withdrawing the cause from the jury.

"6. The court denied plaintiff his constitutionally guaranteed right to maintain an action against one causing injury to him.

"7. The court denied plaintiff his constitutionally guaranteed right to a trial by jury."

The amended petition had attached to it interrogatories for all defendants, except the defendant Dr. John Fisher, for whom interrogatories were attached to the second-amended petition. Forty seven interrogatories were directed to nurse Sutter; forty to nurse Ruschulte; one hundred to resident Doctor Jorge Diaz; forty three to the hospital generally; and thirty to Dr. Fisher.

The trial court sustained a demurrer to some of the interrogatories and granted others, mainly in toto, but some only in part. The questions were principally concerning facts regarding the conduct of the parties toward Mr. Hundemer, but many were general questions which could not help in the trial of the action, or in ascertaining the truth regarding the principal charge of negligence in the care of Mr. Hundemer.

Under Section 2309.43, Revised Code, interrogatories attached to a pleading must be pertinent to the issue made in the pleadings. This is the sole test by statute and by court decision. *Shrewsberry* v. *Wilson*, 113 Ohio App. 556. While we realize that it is the duty to society which requires a full inquiry of medical expert testimony, even from a defendant medical expert (see: *Oleskiw* v. *Weidener*, 2 Ohio St. 2d 147), the interrogatories refused in this case did not violate that rule.

Our examination of the many interrogatories, in the light of the amended and second-amended petition, com-

pels us to conclude that the trial court did not commit prejudicial error in sustaining in part, and overruling in part, the demurrer to the interrogatories.

In order to establish his case with respect to the standard of care required in and around Cincinnati, and the proper use of Levophed in intravenous infusion, plaintiff secured the deposition of a former army nurse, Miss Aynes, a resident of New York City, who testified by way of deposition. Many objections to questions propounded to Miss Aynes were made at the taking of this deposition. On September 13, 1968, three days before trial, counsel for Mr. Hundemer requested the trial court to hear and decide questions arising on exceptions to this deposition, prior to commencement of the trial. Counsel claimed this action under authority of Section 2319.30, Revised Code.

The statutes, with respect to exceptions to depositions, are: Section 2319.28 through Section 2319.31, Revised Code. The exceptions must be in writing, specify the grounds of objection, and be filed with the papers in the cause. No exception to a deposition, other than one for incompetency or irrelevancy, shall be regarded, unless it is made and filed before commencement of the trial. The plaintiff did not comply, in any particular, with these statutory rules.

"A party who proceeds to trial without having filed exceptions to a deposition thereby waives all exceptions thereto except for incompetency or irrelevancy. * * *" (*Ralston* v. *Stout,* 1 Ohio App. 2d 491, paragraph four of the syllabus.) See, also: *Smith* v. *Young, Admr.,* 109 Ohio App. 463.

What the plaintiff sought to do, in the instant case, is to have the trial court, before hearing any testimony, pass on the competency of each question. The refusal to do so herein is certainly not error prejudicial to the rights of the plaintiff, for, at the hearing in open court, the trial judge did pass on the competency and materiality of the questions asked Miss Aynes.

There was no expert testimony introduced by plaintiff relative to the handling of, and the use of, Levophed; and there was no expert testimony introduced as to the standard of care required in and about Cincinnati concern-

ing the treatment of a patient to whom Levophed is being administered in a hospital. Miss Aynes, who sought to give expert testimony, but which was refused, did not have any experience with intravenous infusion of Levophed. The knowledge she gained was by reading the directions on a newly purchased package of that drug. Miss Aynes did not know specifically of the standard of hospital care and treatment in vogue in the Cincinnati community. There was thus, in this case, no expert testimony introduced by the plaintiff.

There was testimony which indicated that, after the injection of the needle through which the Levophed solution was entering the vein, the blood pressure of Mr. Hundemer did increase. We take this to be some evidence that the resident physician did insert the needle properly. There is no showing that anyone changed its position thereafter. When Doctor Fisher later came to look at the patient, he said there was no evidence of the extravasation which later caused the difficulty encountered some time after the infusion was stopped. There were varying dosages of the solution given Mr. Hundemer, depending on the reading of his blood pressure.

When we read this record we have a feeling that, notwithstanding the serious aftereffects of the Levophed infusion, the cause could have been a dislodgement of the needle by physical movement by Mr. Hundemer, or a rejection by his physical condition, or make-up. We cannot tell from this record just how the solution extravasated.

Unless the doctrine of *res ipsa loquitur* must be applied in this case, there is no evidence of negligence on the part of the defendants. Injury did occur; a bad result was apparent; but whose fault it was is not established. We cannot say that, since harm came to Mr. Hundemer, and since he was very ill and in the hospital physically unable to act for himself, those who had him in charge must have failed to exercise the standard of care required in his type of case. We do not believe the rule of *res ipsa loquitur* applies in this case.

In *Oberlin* v. *Friedman,* 5 Ohio St. 2d 1 (paragraphs four and five of the syllabus), the court said:

"Generally, the doctrine of *res ipsa loquitur* is not applicable in malpractice actions in which its claimed applicability is based solely upon the fact that the treatment was unsuccessful or terminated with poor or unfortunate results.

"The doctrine of *res ipsa loquitur* is applicable only where the instrumentality causing the injury was under the exclusive management and control of the defendant."

We are convinced that in a case such as the one before us, the rule announced in *Jones* v. *Hawkes Hospital of Mt. Carmel,* 175 Ohio St. 503, that matters of common knowledge need not be established by expert opinion evidence, does not apply. In this case, in order to establish the standard of care exercised by hospitals, doctors and nurses, in the Cincinnati community, for the condition of Mr. Hundemer, it would be necessary to present expert opinion evidence.

We find no Ohio cases on the problem of care to be exercised when administering Levophed. Counsel have cited cases from other jurisdictions bearing on that subject. The one case especially interesting is *Grantham* v. *Goats,* 401 Pa. 349, 164 A. 2d 225. An annotation on the subject of malpractice and the necessity for expert witnesses may be found in 141 A. L. R 5, and 81 A. L. R. 2d 597. In the A. L. R. Later Case Service, the cases of *Renrick* v. *Newark,* 74 N. J. Super. 200, 181 A. 2d 25 (a Levophed infusion case), and *Buchanan* v. *Downing,* 74 N. M. 423, 394 P. 2d 269 (a Sparine infusion case), are cited. In those cases, it is held that to establish negligent injecting of the drug it is necessary to have expert testimony. Those cases also discuss the reason why, in such matters, the rule of *res ipsa loquitur* does not apply.

We have examined all claims of error and find none prejudicial to the substantial rights of the appellant. The judgment herein must be affirmed.

*Judgment affirmed.*

DOYLE and BRENNEMAN, JJ., concur.

HUNSICKER, P. J., DOYLE and BRENNEMAN, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.