By the Court.
 

 This action in mandamus was instituted in the Court of Appeals of Cuyahoga county and is based upon the charge that the respondent, a common pleas judge, refuses to correct or amend and al-1 low a certain bill of exceptions prepared and presented by counsel for the relator who was the plaintiff in a certain action, the trial of which resulted in favor of the defendant.
 

 Issue was made by petition, answer and reply,- recital of which is deemed unnecessary. The Court of Appeals overruled the motion of the relator for the appointment of a master commissioner “for the purpose of taking and transcribing the testimony and reporting the same, together with any exhibits, to the court” and rendered judgment in favor of the respondent. The relator duly perfected his appeal to this court.
 

 It is the duty of the trial judge, under the provisions of Section 11566, General Code, upon the receipt of a bill of exceptions to correct it if necessary and allow and sign the same. He is required only to make cor
 
 *20
 
 rections in the bill of exceptions presented. It is not incumbent upon the trial judge to assume the burden and responsibility of making a bill of exceptions for an appellant. Here it is sought to require the trial judge to complete the proposed bill of exceptions by procuring and adding thereto the testimony and exhibits omitted therefrom in order that he may properly sign the proposed certificate.
 

 The appellant may omit from his bill of exceptions testimony, exhibits or other matters which are not regarded as prejudicial to him and involve no action of the court upon which claimed error is predicated. The absence of such evidence would not be grounds for a refusal of the trial judge to sign the bill of exceptions unless such omission would result in misleading the reviewing court.
 

 The situation presented here is not one where the court is asked merely to correct a bill of exceptions. The statement at the conclusion of the bill of exceptions filed with the petition herein, to which the signature of the trial judge is demanded, contains the following declaration:
 

 “And the foregoing, together with the exhibits referred to therein, or attached hereto, was all of the evidence introduced and received at the trial of said cause, and thereupon counsel duly argued their respective causes and the court duly charged the jury.”
 

 It is obvious, therefore, that the signature of the trial judge to the bill of exceptions in its present form would embrace his certificate that there was included in such bill of exceptions all the evidence received at the trial of the case. Counsel for the appellant evidently seeks to have a complete transcript or statement of the evidence, for his assignments of error relied upon involve and include a consideration of the weight of the evidence and that of course could be presented only if the bill of exceptions contains all the evidence introduced and received. But it is clearly disclosed
 
 *21
 
 by the pleadings that the bill of exceptions presented does not contain all of the evidence received and is therefore not a complete bill of exceptions. A trial judge will not be directed by a writ of mandamus to procure and supply the testimony and exhibits essential to meet the requirements of a complete bill of exceptions.
 

 This case is clearly distinguishable upon the facts from the case of
 
 Beebe, Judge,
 
 v.
 
 State, ex rel. Starr Piano Co.,
 
 106 Ohio St., 75, 139 N. E., 156. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.