Zimmerman, J.
 

 The “partial bill of exceptions” referred to above is contained in the record as am exhibit and consists for the most part of colloquies between the respondent and opposing counsel in that case. It shows that under an arrangement, approved by the court, evidence supporting the petition was to be presented first, followed by evidence in support of the cross-petition.
 

 
 *388
 
 It shows further that after the examination and cross-examination of a witness called by plaintiff, the plaintiff rested on its petition. Thereupon the court ruled that a complete accord and satisfaction had been established between the parties by the accepting and cashing of a check, the transmission of which check was accompanied by a letter containing the language:
 

 “If you don’t accept it in full, you can sue for the balance.
 

 £ £ # # #
 

 “If under the circumstances you wish to go to court for the difference of $67.30, you are welcome to do so.”
 

 The profferred bill of exceptions then shows the following:
 

 “Mr. Pasch: I want the record to show that the court, as I understand it, is ruling that respecting the claim of $462.50 on the part of the plaintiff here, by virtue of the testimony, that an accord and satisfaction has been shown; and the court is ruling further that that ruling of an accord and satisfaction, precludes the defendant from going forward on its cross-petition, and that the ruling on the accord and satisfaction covers the whole case.
 

 ‘ ‘ The Court: My ruling is that this is an accord and satisfaction, and a complete settlement of the claim.
 

 “Mr. Pasch: What claim? On the petition or cross-petition?
 

 “The Court: The claim and anything that arises out of it.
 

 “Mr. Pasch: Is it both the petition and the cross-petition?
 

 “The Court: It is the petition and cross-petition.
 

 “Mr. Pasch: That is all I want to know.
 

 “The Court: The record will show, Mr. Fishel, that you join in that motion.
 

 “Mr. Pasch: Exception to the ruling of the court in dismissing defendant’s cross-petition.”
 

 
 *389
 
 Although this “partial bill of exceptions” submitted to the respondent for examination, correction and signature contains little information as to the nature of the cause and the issues involved, it does disclose that the cross-petition was dismissed, after the original understanding that evidence in support of the petition would first be introduced and that a similar course would be followed with respect to the cross-petition. The single claimed error which the relator herein wished to present to the Court of Appeals on its appeal related to the dismissal of the cross-petition by the respondent.
 

 “The office of a bill of exceptions is to put the decision objected to upon the record in such a way that the reviewing court may be advised of the point decided.”
 
 Sherer
 
 v.
 
 Piper & Yenney,
 
 26 Ohio St., 476, 478. And the sufficiency of
 
 a?
 
 bill of exceptions is dependent upon the nature of the question or questions sought to be raised.
 

 If, for example, an aggrieved party desires a review on the weight of the evidence, all the evidence must be set out. But where he claims an error of law has occurred, it is sufficient if he includes enough in the bill to show the manner in which the point arose and the decision thereon.
 
 Scheinesohn
 
 v.
 
 Lemonek,
 
 84 Ohio St., 424, 429, 95 N. E., 913, Ann. Cas., 1912C, 737.
 

 In the
 
 per ctirictm
 
 opinion in the case of
 
 State, ex rel. Eges,
 
 v.
 
 Corlett, Judge,
 
 137 Ohio St., 19, 20, 27 N. E. (2d), 930, this court said:
 

 ‘ ‘ The appellant may omit from his bill of exceptions testimony, exhibits or other matters which are not regarded as prejudicial to him and involve, no action of the court upon .which claimed error is predicated. The absence of such evidence would not be grounds for a refusal of the trial judge to sign the bill of exceptions unless such omission would result in misleading the reviewing court.” Compare
 
 Beebe, Judge,
 
 v.
 
 State,
 
 
 *390
 

 ex rel. Starr Piano Co.,
 
 106 Ohio St., 75, 139 N. E., 156.
 

 In other words, if the material embodied in a tendered bill of exceptions is correct in substance and. form and is not of such a nature as to deceive or lead astray the reviewing court, it is the duty of the trial judge to sign such bill, with the privilege accorded him of making such notation or comment in the certificate as might be appropriate.
 

 We are of the opinion that the Court of Appeals correctly decided the instant controversy.
 

 On receipt of the bill it will be the province of the reviewing court — the Court of Appeals — to determine whether the bill is complete and comprehensive enough to enable such court to pass on the error claimed.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Stewart, Turner. and Taet, JJ., concur.