THE STATE, EX REL. COUNTS, APPELLEE, *v.* BROWN, JUDGE,
CLEVELAND MUNICIPAL COURT, APPELLANT.

[Cite as. State, ex rel. Counts, v. Brown (1971),
28 Ohio St. 2d 132.]

(No. 70-767—Decided December 8, 1971.)

*Mr. William L. Blake,* for appellee.

*Mr. Clarence L. James, Jr.,* director of law, *Mr. Lloyd B. Silverman* and *Mr. John Kless,* for appellant.

LEACH, J. The question to be decided in this appeal is whether the trial judge has a duty to authenticate and sign the narrative bill of exceptions presented to him by relator.

R. C. 2321.07 provides:

"The trial judge, upon the receipt of a bill of exceptions, shall indorse thereon the date it was received, and within five days thereafter correct it, if necessary, allow and sign such bill, and immediately transmit it to the office of the clerk of the court from whom it was received, with any amendment or objections thereto."

This statute was interpreted in *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84, wherein the court said, at page 85:

"Under such section, a mandatory duty is imposed on a trial judge to 'allow and sign' a true bill.

" 'It is the duty of the trial judge to allow and sign a bill of exceptions when duly presented, *if the same be correct;* it is likewise his duty to *correct errors therein,* and upon refusal so to do a writ of mandamus may issue.' *Beebe, Judge,* v. *State, ex rel. Starr Piano Co.,* 106 Ohio St. 75, 139 N. E. 156, second paragraph of the syllabus." (Emphasis added.)

Respondent acknowledges the foregoing duty, but takes the position that although a trial judge has a duty to make reasonable corrections of a narrative bill of exceptions, if the bill as presented is not correct, such duty does not extend to the preparation of a narrative bill of exceptions.

We agree. In *Beebe, supra,* the duty of the trial judge in such respect was not held to be absolute, but was defined at page 80 as a duty "to *assist* in securing * * * the rights

of a party litigant * * * to prosecute error from that court's judgment''; which ''requires a *reasonable effort* upon the part of the court to correct a bill of exceptions * * *.'' (Emphasis added.) See, also, *State, ex rel. Eges,* v. *Corlett* (1940), 137 Ohio St. 19.

Here, the narrative ''bill of exceptions'' filed by counsel for relator is largely argumentative in nature and essentially comprises an attempted evaluation by defense counsel of the credibility of the testimony of the witnesses. Its very nature and its length is such as would require a trial judge, not merely to ''correct,'' but to substantially rewrite the entire document.

It is clear from an examination of the proposed ''bill of exceptions'' that the conviction of relator for drag racing was fully supported by the evidence, if the testimony of the arresting officer was to be believed. Thus, the thrust of the ''bill of exceptions,'' as submitted to the trial judge, was an attempt to attack the judgment of conviction as being against the weight of the evidence.

To adopt a rule requiring a trial judge under such circumstances to, in effect, prepare a narrative bill of exceptions with such detail as to the testimony of the various witnesses as would truly reflect the *weight of the evidence* is to impose on a trial judge, especially in the metropolitan courts, an impossible task involving the mental recall of *detailed* testimony of potentially hundreds of cases. It is apparent that relator is not seeking a narrative bill of exceptions in the sense of a mere conclusionary statement by the trial judge as to the facts found by him (separate findings of fact and conclusions of law). In any event, to issue a writ of mandamus just to compel the trial judge to prepare such a bill of exceptions would be to order the performance of a totally useless function, since such could not possibly demonstrate error as to the *weight of the evidence.* As a practical matter, weight of evidence could only be demonstrated by a verbatim transcription of the testimony. Here, there is no claim that the relator ever requested the reporting of the trial testimony.

Moreover, in the instant case, counsel for relator, after learning that the trial judge had refused to sign the "bill of exceptions" prepared by counsel, made no request to the judge to "correct" it if he could not sign it as submitted, made no attempt to even contact the judge relative thereto, but instead filed an action in mandamus in the Court of Appeals.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'Neill, C. J., Schneider, Herbert, Corrigan and Stern, JJ., concur.*